By the Court. Campbell, J.
As there was a conflict in the evidence, the question as to the true nature and terms of the contract of sale was properly submitted to the jury, and as the-cause is now before us only upon the bill of exceptions,» the verdict of the jury must be regarded by us as conclusive. Assuming, as we are bound to do, that the contract between the parties was such as found by the jury, it is certain that the defendant has not paid for the jalap which he purchased the full sum that he agreed to pay, and consequently that the plaintiffs are entitled to a judgment for the balance proved to be due, unless they are estopped from demanding its payment by the settlement between them and the defendant, and the receipt in full which was then given.
The argument on the part of the defendant is that the plaintiffs are concluded by the settlement, since it appears by their own showing that in making it they acted solely under a mistake of law—an erroneous construction of the tariff—and that in no case can a party be entitled to relief upon the ground of such a mistake—since every person is presumed to know the law, and in no case, and for no purpose, is permitted to aver his ignorance.
We think that this doctrine was laid down by the counsel for the defendant in much broader terms than the decisions warrant. It may be admitted, that the law is settled, that.no action will lie for the recovery of money that has been paid, *323 not under a mistake or ignorance of facts, but solely under a mistake or ignorance of the law applicable to facts fully known; but we are all of opinion that this rule, which is the only one that the decisions can be said to have established, cannot justly be invoked for the protection of this defendant. The plaintiffs are not seeking to recover back money which they have paid, but to enforce the payment of that which they have proved to be due. They call upon the defendant to fulfil his contract, not by refunding that which he has received, but by paying that which he agreed, and has refused, to pay. If he made the contract, which the jury have found he did, he is bound in conscience and good faith to make the payment that is demanded; and we do not think it has been shown that there is any rule of law, differing from the plain rule of justice and morality, that can excuse, far less justify, his refusal.
The only answer given to the claim of the plaintiffs is, that they have received from the defendant the whole sum which they stated to be the price of the jalap, and have given to him a receipt in full. These facts combined, we repeat, constitute the sole defence, since, we apprehend, that, had no such receipt been given, and the payment alone had been proved, the title of the plaintiffs to recover would have been free from doubt, and probably would not have been denied.
It is, therefore, upon the legal operation and effect of this receipt that the controversy wholly turns. It is needless, however, to cite authorities to show that a receipt for money is, in all cases, open to explanation and even contradiction—that it is, in all cases, presumptive merely, and not conclusive evidence, of the payment which it acknowledges. In numerous cases the effect of a receipt, as a bar, has been got rid of by positive evidence of the error which it involved; and we are persuaded that the principle of these decisions is applicable to all cases in which, from a mistake in computation, an error of calculation, a less sum has been demanded and received than was really and justly due. Indeed, an error of calculation, no matter from what cause it arises, may, in all cases, be reasonably considered as a mistake in fact and not in law.
We confess that we are not at all disposed to extend the doctrine, which makes a distinction between different causes of *324 error, by denying a remedy in one class of cases which it grants in another, although in both the error, if not corrected, is equally a source of injustice. It is peculiar, and not very creditable, to the system of jurisprudence that we have adopted and follow. It has, doubtless, sprung from a misapplication of the maxim that “ ignovambia legis nemmem exousat.” That every man must be presumed to know the law is indeed a necessary rule in the administration of criminal justice, but its application to bar a civil remedy is not demanded by any reasons of public policy, and, in many cases, is a resort to a fiction, not for the purpose of promoting, but of defeating justice. Hence, courts of equity have long struggled against the doctrine and have excepted many cases from its operation; and we think, that courts of law, when not bound down by precedents, may reasonably follow the example.
The judgment for the plaintiffs is affirmed with costs.