Barbour, J.
As the sheriff retained in his hands much more, out of the gross sum received by him from the plaintiffs, than he was entitled to if the $1000 is to be returned as not properly collected, and as the defendants, therefore, will not, in that case, have been paid out of such aggregate sum, the whole amount they have a right to claim, it is quite apparent that such sheriff is a necessary party to any suit brought by the plaintiffs for the recovery of the $1000 so paid to him by them, through mistake, in . order that he may be compelled to contribute, for such portion of that sum as he still retains in his hands. Certainly, if that $1000 was not properly collected on the execution, he was not entitled to poundage upon it; .but such poundage, being a part of the aggregate sum collected, and, therefore, of the $1000, should be contributed, in some- form, by the sheriff, to the repayment to the plaintiffs, if they are entitled to recover. Indeed, the case maybe stated thus. The whole amount collected by the sheriff was $1924.31, out of which he paid to the plaintiffs in the execution $1730.17, and retained $194.14, which never reached the hands of *460 such plaintiffs. How, in case the $1000 are to be returned, the latter willbe entitled to the balance of the sum collected,- or $924.31, less the legal fees and charges of the sheriff. Whatever sum that officer has retained, therefore, beyond' his legal charges, and which never came to the hands of the defendants in this action, should be contributed by him towards the repayment of the $1000; and in order to ascertain whát that sum is, and thus to determine the amount with which, if any, these defendants are properly chargeable, an accounting should be had between them and the sheriff in this action.
I am also of opinion that Blagge - & Oo. are necessary parties, and that the action cannot properly proceed to a judgment in favor of the plaintiffs without them. For, nthe plaintiffs, by negligently paying over the money as the property of Blagge & Go: have'caused the execution to be satisfied and the judgment discharged; and such satisfaction and discharge are valid and conclusive, if that firm then had in the hands of these plaintiffs a sum equal to the amount paid to the sheriff; and so, pro tanto, as to any lesser amount. But, on the contrary, if it should be decided that the $1000 was paid by mistake, and must be returned by the defendants here, they would be equitably entitled to have the return of the sheriff upon the execution amended and reformed, and the judgment, to that extent, reinstated. Blagge & Oo. therefore, have not only a like interest with the defendants in reducing the amount of the plaintiffs’ claim, but, as the parties ultimately-liable, a still greater one.
It is true, that a judgment here in favor of the plaintiffs, may not so determine the rights of the defendants in this action and Blagge & Co. as to preclude the latter from showing, on a motion to reinstate the-judgment, that they were the real owners of all the funds paid over to the sheriff by Duncan & Oo., and, thus, to defeat such motion. But, for that very reason, they are, in equity, necessary parties. For the action, whatever may be the form of the *461 pleadings, is, essentially, a suit founded upon the equitable right of the plaintiffs to be relieved from the consequences of their own mistake. It is, therefore, their duty, in the bringing and conduct of this action, while thus seeking equity, to afford every reasonable facility to the defendants that is necessary to place them in as good a position as they occupied prior to the making of the mistake. That may be done, "to some extent, by compelling Blagge & Co. to interpose such a defense in this action as they may set up, and, perhaps, successfully, in opposition to a motion to reform the returns or vacate the satisfaction of the judgment. The defendants are, equitably, entitled to the benefit óf that defense here ; and ought not to be compelled to submit to a double litigation. «*
But, upon the merits, and without regard to the question of the omission of necessary parties, I am satisfied that the plaintiffs have no valid cause of action against the defendants founded upon the facts set forth in’the complaint, and established upon the trial. For, the defendants are not shown to have received any money, or its equivalent, from the plaintiffs, either paid in mistake, or otherwise. But, on the contrary, the sheriff, having levied upon the property of Blagge & Co. then in the hands of the plaintiffs, by virtue of the attachment and execution, and having collected the money as he was commanded in the latter process, paid the same over to the persons entitled to it, not as coming from Duncan & Co., but, as the proceeds of the property so levied upon; and it was so received by the defendants. I can see no difference between a levy of this character, and a payment of the proceeds to the creditor in the execution, and a levy upon and sale of merchandise, with such payment over of the proceeds; and, certainly, if Duncan & Co. had delivered merchandise to the sheriff as property in their hands belonging to Blagge & Co. instead of giving their check for the money held by them, and should subsequently ascertain that they had, by mistake, só delivered their own property, they could have had no claim against *462 the creditors in the execution by reason of the receipt by the latter, from the sheriff, of the proceeds arising from the sale of such property. In neither case would there be any privity of contract, implied or otherwise, between the parties to such an action, whereby such creditors would be bound to return to Duncan & Co. the proceeds of the execution. In no sense, was the money, in this case, received by the defendants from the plaintiffs. But it was recovered from the judgment debtors of the former, by due process of law, as the proceeds of the property of such debtors, and, for that reason, cannot be recovered back by Duncan & Co.
The claim of the plaintiffs is most inequitable. The evidence shows that when the sheriff called upon them with his attachment, Blagge & Co. had merchandise in their hands, as well as the moneys or credits in question, and also had other property, within the jurisdiction of the sheriff, and upon which he might have levied, and that, during the lives of such attachment and the execution, other property of the latter firm came to the hands of the' plaintiff’s, and was .disposed of by them, to an amount exceeding $2000. The declaration of the plaintiffs that they held moneys belonging to Blagge & Co. more than sufficient to satisfy such attachment, and their undertaking, or obligation, to pay over such moneys, it may safely be assumed, precluded the necessity for such further levy by the sheriff, as it woúld have been his duty to make, had not such statement been made; and as the judgment debtors are utterly insolvent, it follows that if the defendants here were to be compelled to return to the plaintiffs the $1000 so paid to the sheriff, that sum would be irretrievably lost to them; and that, too, not by their own fafilt or negligence, but by that of the plaintiffs. The ultimate loss, then, being quite certain, and having been occasioned wholly by the error of the plaintiffs, ought, in equity, to’ be sustained by them, and not by the defendants.
The complaint must be dismissed, with costs.
Wm. D. White, for the appellants.
I. The statement of facts found by the court,. and the findings of law thereon, show that the court has failed to give due legal effect to the terms of the receipt, which was given by the sheriff) as agent for the defendants, and overlooks, first, that the money was seized under attachment; and, second, was paid over by Duncan, Sherman & Go. under protest against the right of the defendants to attach the same.
Such seizure and payment precludes all idea of its being a voluntary payment, and subjects the party accepting to all equities for reclamation and re-payment; in fact, the receipt is an equitable agreement by the defendants to refund on demand, on any cause being shown why they were not entitled to it. (Murray v. Binninger, 33 How. 425.)
IT. It is conceded that the money was paid by the plaintiffs by mistake, and in ignorance of the fact that there was a mistake in crediting the $1000 in the account to Blagge & Co. (Renard v. Fiedler, 3 Duer, 318. Utica Bank v. Van Gieson, 18 John. 485.) The well settled rule of law is, that “ to deprive a party of his action for money paid voluntarily, beyond what is due, on the ground of knowing it was not due, it must appear that it was paid with a full knowledge that it ought not to be paid.” (Waite v. Leggett, 8 Cowen, 195. Watson v. Cabot Bank, 5 Sandf. 423.)
III. The objection of the want of parties (the sheriff and Blagge & Go.) cannot be sustained oh the answer.
1. The answer does not object for want of those parties. {Code, § 148.)
2. The sheriff" having paid over the money to the defendants the-sheriff has no legal interest, nor have the defendants any interest in the amount retained by him for fees, which, if the plaintiffs. have any right to reclaim, the defendants cannot object, if the plaintiffs have elected to waive *464 their claim on either of them for that amount. (Frye v. Lockwood, 4 Cowen, 454.) It has been held that no inter-pleader could have been brought by the plaintiffs as be- ' tween the defendants and Blagge & Co. to settle their claims as to property attached before payment over to the sheriff. Still less is the case altered after payment. ( United States Trust Co. v. Wiley, 41 Barb. 477.)
*463 Judgment of dismissal being entered accordingly, the plaintiffs appealed.
*464 3. It is not pretended by the defendants, in their answer or otherwise, that Blagge & Co. have any interest in the $1000, or that- they set' up any claim to any part of it. (Lewis v. Graham, 4 Abb. 106.)
4. If there was any foundation for the objection, the Code (§ 122) declares “ the court must cause them to be brought in.” (Davis et al. v. The Mayor, &c. 2 Duer, 663-666. Wright v. Storrs, 6 Bosw. 600; 29 Barb. 9.)
IV. The defendants áre not prejudiced by the return of their execution against Blagge & Co. who, moreover, are not shown to have had any other property in this state. It does not require a suit by interpleader to enable the defendants to obtain what is to be properly gained by the ordinary motion to correct the sheriff’s return, indorsed on the execution, as frequently occurs when a suit has been brought either against a plaintiff or sheriff, or both, for selling property which does not belong to a defendant, and for which the plaintiff is often required, by judgment, to pay the real value of property so illegally sold, with damages; oftentimes double the amount actually received on an illegal sale.
V. The judgment should be reversed, and a new trial ordered.
1. On the ground that the judgment is against law.
2. That it was improper to admit the declarations of clerks to bind the principal. The representation of the plaintiffs’ clerks, either that there was or would probably be enough collected by the plaintiffs to pay the defendants’ attachment, seems to have been honestly made, and was, at best, a mistake, and made without knowledge of the erroneous credit
F. 0. Oantine, for .the respondents.
I. The plaintiffs sought in this action, to be relieved from the consequences of á mistake made by them in their accounts with Blagge & Co. The rules of law which prevail in cases of mistake, require the mistake to be clearly proved, mutual, and relating to facts in respect to which both yarties were equally bound to inquire.
1. One who has knowledge, or the means of knowlege, of the facts, cannot recover money paid under a mistake of such facts.
2. Even where a mistake has actually occurred, in the payment of money, there can be no recovery, if the condition of the party to whom the money was paid, has so changed, since such payment, that he would, suffer injury if compelled to refund it.
3. A party cannot be relieved from a mistake if he could, “ by reasonable diligence have acquired knowledge of it,” when put upon inquiry. (Elting v. Scott, 2 John. 157. Taylor v. Beavers, 4 E. D. Smith, 215. Kent v. Manchester, 29 Barb. 595. Botsford v. McLean, 45 id. 479. Story’s Eq. vol. 1, §§ 146, 150, 151.)
4. It is not claimed that the alleged mistake was mutual or common to both parties; nor that the sheriff or the defendants, had any knowledge, or the means of obtaining knowledge, of the state of accounts, between the plaintiffs and Blagge & Co.
JX Those cases in which parties have been permitted to recover money paid under a mistake, have arisen between debtor and creditor, where both parties were presumed, and therefore bound, to know how much was due. There was no mistake on the part of the defendants; the amount due to them had been judicially determined.
III. The payment made by the plaintiffs was voluntary. They at the most, merely paid the debt of another, and can only recover from those whose debt they paid. There was ' no duress or compulsion, and they gave no certificate to the sheriff when served with the attachment, or at any *466 other time. For months after the attachment was served on them, they gave the sheriff their check without hesitation or objection.
IV. In addition to the fund out of which this payment was made, the plaintiffs, during the lives of the attachment and execution, had. other property of Blágge & Co. in their .possession, upon a sale of which they realized upwards of $2000.
V. The conduct of the plaintiffs equitably estops them from maintaining this action. They repeatedly told the sheriff and. the defendant’s attorney, that they had sufficient property in their hands belonging to Blagge & Co. to pay the. claim of the defendants; and the sheriff thereupon abandoned further pursuit of other property. After receiving payment from the plaintiffs, the sheriff- returned the execution “ satisfied,” and the judgment was thereupon canceled and satisfied.
1. The consequence was, that the defendants lost any lien they might have had ujson the property of Blagge & Co. and the rights of subsequent creditors of that firm immediately attached.
2. The facts of this case are clearly within the principle of Dezell v. Odell, (3 Hill, 216 ;) Rigney v. Smith, (39 Barb. 383;) People v. Reeder, (25 N. Y. Rep. 302,) citing and, approving Dezell v. Odell, supra; Manufacturers’ Bank v. Hazard, (30 N. Y. Rep. 230,) where an equitable estoppel is defined.
VI. The plaintiffs virtually turned over to the sheriff, property of Blagge & Co. upon which he levied, and paid the proceeds "to the defendants. They were receiptors within the case of The People v. Reeder, cited above..
VH. The latter part of the receipt given by the deputy sheriff to the plaintiffs, dated June 2,1866, stating that the money was paid under protest, does not, for obvious reasons, furnish any protection to the plaintiffs.
1. It was not given until June 2, whereas, the principal sum ($1861.31,) was paid to the sheriff May 23, and by him to the defendants the next day, ten day before, without *467 protest or reservation, and was sufficient to pay the defendants’ claim and sheriff’s fees.
2. The deputy had no right to give such a receipt, and neither the sheriff nor the defendants can be concluded by it, assuming that it has any force whatever. It was not the act of John Kelly, the sheriff, nor of the defendants, but of one Ferris, by his agent Mealio. It was given eight days after the sheriff had paid the money to the defendants, and their attorney had satisfied the execution.
3. The language of this portion of the receipt is obscure, the word “ protest,” as used in that connection, has no legal significance.
4. Upon its face, the receipt is “for the proceeds of sale,” attached four months before, and this reference to a “ sale,” when taken in connection with the evidence, shows clearly that the money paid, was the proceeds of a sale of the property of Blagge & Co.
5. The ground of this action is mistake. Now, if the plaintiffs paid the money voluntarily, erroneously supposing that they were paying the money of Blagge & Co. why should they “pi’otest?” If, on the other hand, they knew they were not paying the money of Blagge & Co. there was no mistake, but a deliberate, voluntary act.
VIII. There is no privity of contract between these parties.
IX. The court below properly held, that the sheriff and Blagge & Co. were necessary parties to this action. The rights of Blagge & Co. were involved in the determination of the case, and their presence was essential. A judgment for the plaintiffs would virtually have been an adjudication, that the judgment against them had not been paid, and as such a judgment would not bind Blagge & Co. another litigation between them and the defendants, would be necessary before the question could be finally settled. The sheriff received a part of this money for his fees, and $63.02 paid June 2,1866, which he was not required to, and did not collect for the defendants, as the amount paid May 23, 1866, was sufficient to, and did satisfy their claim and *468 his fees. The objection of non-joinder, therefore, was not waived by omitting to raise it in the answer. The Code is imperative in requiring the presence of all necessary parties. (Code, § 122. Davis v. The Mayor, 2 Duer, 663. Shaver v. Brainard, 29 Barb. 25.)
X. As the court below very justly observes, “ the claim of the plaintiffs is most inequitable. This is an equitable action, and unless the plaintiffs show equities superior to those of the defendants, they cannot recover.”
No argument can be necessary to convince the court that the defendants are entirely innocent, and that the plaintiffs, to say the least, have been guilty of gross carelessness, the consequences of which should be visited on them.
Garvin, J.
If this had been a case of money paid under mutual mistake of facts, in respect to which both parties were equally bound to inquire, the money might have been recovered back, (Bank of Commerce v. Union Bank, 3 N. Y. Rep. 230;) but that is not this case. The defendants were not bound to make inquiry, nor were they mistaken in any fact. The defendants stood in the relation of plaintiffs enforcing payment against the property and effects of Blagge & Co. found in the hands of the plaintiffs in this action. The plaintiffs concede and admit this, state the amount of property, and by their receipt admit it was attached on the 16th January, 1866, and on the 25th of May paid over the amount to the sheriff, and he paid it to the defendants, less his fees. The defendants only knew of the legal steps taken to recover their demand, and were not bound to inquire how much property of Blagge & Co. was in the plaintiffs’ hands.
The mistake was solely that of the plaintiffs. It is said by Marcy, justice, in the case of Franklin Bank v. Raymond, (3 Wend. 67,) that it is a general principle of law that if a party pays money under a mistake of the real facts, without any negligence imputable to to him for not knowing them, *469 he may recover such money. Can it be said that the mon ey in this case was paid without imputation of any negligence on their part for not knowing of their mistake ? We think not. The error was very gross, both in amount and the length of time it remained undiscovered. The consequences of this mistake must either fall upon the plaintiffs or the defendants.
There was certainly a want of ordinary caution and care in making* up and keeping the account existing between the plaintiffs and Blagge & Co. and upon this error the mistake of fact happened. It was in the plaintiffs’ books that the error occurred—not Blagge & Co.’s; but theirs, doubtless kept by clerks; but the plaintiffs are responsible for their clerks and their acts, and by them they must be bound.
It cannot be said, either, that it is against conscience for the defendants to retain the money. (Price v. Neale, 3 Burr. 1354.) If the defendants had been told the “real facts,” that the plaintiffs only had $900 in their .hands at the time the attachment was issued and shown the plaintiffs, there was-an abundance of property belonging to Blagge & Co. then in New York, and which afterwards came to the city, out of which the defendants could have made their debt. Now their judgment is satisfied, the judgment debtor insolvent, and their property disposed of without the fault of the defendants, but growing out of the mistake of the plaintiffs. Who is to bear the loss? We think it must fall upon the plaintiffs. The judgment should be affirmed, with costs.
Robertson, Ch. J. concurred