# APRIL TERM, 1880.

———◆———

THE ADVERTISER AND TRIBUNE COMPANY v. CITY OF DETROIT.

*Municipal contracts—Notice to common council—Audit and allowance of public claims.*

In an action involving a contract with a municipal corporation to do its printing at a certain per cent below the statutory rates for legal notices, it being farther provided that no constructive charges should be allowed, evidence of a printer's usage allowing double measure in paying for "figure work," such as advertisements of tax sales, was *held* to be inadmissible.

Where a city charter gives the common council the power to audit and allow accounts, and only permits the comptroller to receive, examine and report upon them, the latter cannot modify a contract on the part of the city, and the city is not bound by notice to him that has not been communicated to the council.

The doctrine that notice to the agent is notice to the principal is based on the view that the agent represents the principal in the particular transaction, and the latter is bound by the knowledge which the agent then has.

A common council empowered to audit and allow all accounts against the municipal corporation is presumed to investigate all claims presented and to have had full knowledge of all existing facts relating thereto before allowing them.

A municipal council, after allowing claims with no effort to investigate them, cannot order an investigation and rescind their action and recover back the money paid because of facts which they did not know of, but might have ascertained by reasonable diligence.

The objection relied on as error, or the correct theory of the case to be presented, must be brought to the notice of the trial court when not readily apparent, so it may be distinctly passed upon.

Error to the Superior Court of Detroit. Submitted January 14. Decided April 7.

ASSUMPSIT.    Defendant brings error.

*C. I. Walker* for plaintiff in error.    A payment voluntarily made on a contract by a municipality, without fraud, but under a mistake as to the legal construction of the contract, cannot be recovered back, *Detroit v. Martin* 34 Mich. 174; *Railroad Company v. Com'rs* 98 U. S. 541; *Lamborn v. Com'rs* 97 U. S. 181; *Doll v. Earle* 59 N. Y. 638; notice to a city officer who has powers and duties in relation to the matter as to which notice is given, is notice to the city, Dill. Corp. § 176; Ang. & Am. Corp. § 303; *Field v. Mayor* 2 Seld. 179; *Nichols v. Boston* 98 Mass. 39; *Williamsport v. Richter* 81 Penn. St. 508; a contract can be modified by custom, *Merrick v. McNally* 26 Mich. 374.

City Counselor *F. A. Baker* for defendant in error.

MARSTON, C. J.    The city of Detroit brought an action of assumpsit to recover back money paid under the following facts :

The *Advertiser and Tribune Company* in 1875 entered into a written agreement with the city to do its printing at a certain discount below the statutory rates.    A clause was inserted in the contract that "no constructive charges whatever are to be made for printing, publishing or furnishing material."

Under this contract the *Tribune Company* published the list of tax sales, known among printers as "figure work," and evidence was given that according to a custom among printers double measure was allowed for such work, in the payment of employees and in charges to customers.    During the time of such publication the manager of the company on discovering such fact and ascertaining the custom, went to the city controller, informed him fully of all the facts as stated—that the company would make a claim against the city for double measurement—and the controller, after taking time to counsel with others, informed the manager that the claim as made would be allowed.

An account was afterwards made out against the city and presented to the controller, in which the city was charged according to the contract rates, but upon a double measurement of the actual work done upon the tax sale lists, and was thus allowed and paid. The controller had full notice of all the facts. There was no evidence tending to show that the common council or any member thereof had any notice of the facts or the manner in which the account had been made out.

Counsel for defendant requested the court to charge the jury:

"1st. The only ground upon which recovery can properly be sought in this case is that the money was paid by the plaintiff to the defendant under a mistake of fact.

2d. If paid under a mistake merely as to the construction of the contract, there can be no recovery.

3d. If the claim for printing was properly presented to the controller, who has the general supervision of the financial concerns of the city, and he was fully informed as to the mode of measuring for the work done, and the mode of charging therefor, and he reported the claims to the common council with his approval, and they audited and allowed the same, and the money was thereupon paid, there can be no recovery for the money thus paid, as notice to the controller was notice to the city."

These requests were refused, and under the instructions given a verdict was rendered in favor of the city.

Proof of the custom referred to would not entitle the defendant to double measurement under the contract. The price agreed upon was to be eighty-six per cent below the rates fixed by the statutes of Michigan for publication of legal notices, including tax sales. The statute does not allow double measurement, and to allow such in this case would be to give the defendant much more than the price agreed upon, and the contract also provided against the allowance of constructive charges.

Under the charter of the city of Detroit the controller had no power or authority to alter or change the contract with the defendant, or to agree for the city that a double measurement would be allowed, or to audit or allow the account at all. The power to audit and allow

accounts against the city is given to the common council.
While the controller may receive, examine and report
thereon, yet it is not for him, but the council, to finally
pass upon and allow them.

Counsel, upon argument, conceded that it is not easy
to determine when municipal corporations are bound by
notice to their officers.   There certainly are cases where
notice to an officer may very fairly be held notice to the
corporation, and there just as clearly are many cases
where it 'would not be.   The reason upon which the
doctrine of notice to the agent being held notice to the
principal rests, is that the agent is substituted in the
place of and represents the principal in the particular
transaction, and therefore while acting in such matters
he takes the place of the principal, and the latter is
bound by his agent's act in the light of the knowledge
then possessed by the agent.   If it had been the duty
of the controller to examine, audit and allow the account
in question, the city would have been bound by his act,
in view of the facts then known to him.   Farther than
this, in the case of municipal corporations, the doctrine
of constructive notice should not, we think, be extended.
The common council of a city are its representatives;
they act for and are given authority to bind the city in
certain matters.   Ordinarily they have but little power
or control over the controller, who is an officer provided
for in the charter, with certain powers therein prescribed;
and to hold the city bound by knowledge which he pos-
sessed, not communicated to the council in matters like
the present, would, we think, be dangerous.

Where power is given to the common council of a city
to audit and allow all accounts chargeable against it, the
law presumes that they will investigate all claims pre-
sented, and it is clearly their duty so to do.   They can-
not formally allow claims without any investigation or
effort to investigate, and afterwards order an investiga-
tion and rescind their action and recover back moneys
paid, because of facts existing but not known at the time

the account was allowed, and which a proper examination would then have brought to their attention. Such a doctrine would be productive of endless mischief and litigation. It would encourage the grossest carelessness in the performance of official duties, in reliance upon a future investigation to correct. The rights of third parties would not be safe under such a rule, and no one would ever know whether the allowance of his account was final or not, at least until the statute of limitations had placed the question at rest. In the absence of fraud, the body who is given the power to allow claims, when they have officially passed upon a claim, must be conclusively presumed to have had at the time full knowledge of all the facts pertaining thereto, which a proper investigation would then have disclosed.

The only doubt I have in this case is whether any error was committed as the case was tried. The theory presented was that notice to the controller was notice to the city, and this we are unable to concur in, and the several requests to charge were based upon this view of the case. The several requests to charge were each properly, I think, refused. This court has repeatedly held that justice to the trial court requires the particular objection relied upon, or the correct theory of the case, to be presented, where it is one that might not readily occur, so that it may be considered and distinctly passed upon. *Howry v. Eppinger* 34 Mich. 35; *Ward v. Ward* 37 Mich. 259, and cases cited; *Turner v. People* 33 Mich. 382.

The court instructed the jury to find a verdict for a certain amount, and this was excepted to and error assigned thereon. Under the facts a majority of this court is of opinion that the plaintiff was not entitled to recover, and that the direction to find for the plaintiff was erroneous.

It follows therefore that the judgment must be reversed with costs.

The other Justices concurred.