## Lorenzo Bull and Wm. B. Bull, Partners, v. The City of Quincy.

1. MISTAKE OF FACT—*Money Paid Under.*—Money paid under a mistake of fact, induced by fraud or misrepresentation, may be recovered back in an action at law.

2. ACCOUNT STATED—*Auditing Bills Induced by Fraud.*—Where the auditing of accounts by a city council is brought about by fraud of the claimant, the action of the council is not conclusive upon the city.

Memorandum.—Assumpsit to recover back money paid by mistake. Appeal from the Circuit Court of Adams County; the Hon. OSCAR P. BONNEY, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed December 4, 1893.

The opinion states the case.

APPELLANTS' BRIEF, BERRY, O'HARRA & SCOFIELD, ATTORNEYS.

In case of a voluntary payment by mere mistake of law, no action will lie to recover back the money. The construction of the law is open to both parties, and each is supposed to know it. Elliott v. Swartout, 10 Pet. (U. S.) 137; Morgan v. Palmer, 2 Barn. & Cress. 729; Brisbain v. Dacres, 5 Taunt. 154; Bromley v. Holland, 7 Vesey 23.

In the absence of fraud the body who is given the power to allow claims, when they have officially passed upon a claim, must be conclusively presumed to have had at the time, full knowledge of all the facts pertaining thereto, which a proper investigation would then have disclosed. Advertiser and Tribune Co. v. City of Detroit, 43 Mich. 116; cited and approved in The County of Wayne v. James A. Randall, Id. 137, and in McArthur v. Luce et al., Id. 435.

APPELLEE'S BRIEF H. M. SWOPE AND SPRIGG, ANDERSON & VANDEVENTER, ATTORNEYS.

Money paid under mistake of fact as to the sum due may be recovered in assumpsit for money had and received. Frambers et al. v. Risk, 2 Brad. 499; Devine v. Edwards,

101 Ill. 138; Stempel v. Thomas, 89 Ill. 146; Maxwell v. Longenecker, 82 Ill. 308; Bradford v. Chicago, 25 Ill. 349; Bierdslee v. Horton, 3 Mich. 560; Little v. Derby, 7 Mich. 325.

The strongest cases for application of this rule are where the information rests upon the payee, is unknown to him who pays, and mistake of the latter arises from failure to disclose or misrepresentation by the former. People v. Foster, 133 Ill. 516; Sands v. Sands, 112 Ill. 225; Wheeler v. Smith, 9 How. 55.

And where the relations are such that the party deceived is dependent upon the party deceiving, a court of equity will interfere in a mere mistake as to the law. Bispham's Principles of Eq. (2d Ed.) Sec. 188; Kerr on Fraud & Mistake, (Bump's Ed.) 400.

Mr. Presiding Justice Boggs delivered the opinion of the Court.

This is an appeal from a judgment in favor of the city in an action of assumpsit brought by it against the appellants to recover a sum of money alleged to have been overpaid to the appellants for the cost of certain hydrants and setting the same. The hydrants were furnished and set by the appellants under the terms and provisions of a contract between the city and the firm of Bull, Prince & Bull, which contract had been assigned to the appellants, who succeeded said firm with whom it was made. We had occasion in the case of Bull, Prince & Bull v. the appellee city to construe this contract, and held, in an opinion by Mr. Justice Wall, not yet reported, that the city was only required by the contract to pay for each hydrant the actual expense to the contractors of procuring and setting the same, without any profit to the contractors. A re-examination of the contract made in the case at bar has only served to confirm our former conclusion as to its proper construction and meaning in this respect. The appellants succeeded only to the rights of Bull, Prince & Bull under the contract. They presented to the city council at different times bills for hydrants placed or set by them

at a uniform rate of $75 for each hydrant. These bills were paid by the city, and this action was brought to recover an alleged difference between the actual cost of the hydrants and the sum thus paid by the city for them. A jury was waived and the cause submitted to the court. The court found from the evidence that the amount of $75 paid for each hydrant, included a profit to the appellants of $25 on each of them, and rendered the judgment appealed from, on the theory that under the contract the appellant was not entitled to receive any amount by way of profit and should repay to the city the amount so overpaid.

The appellants, though contending for a construction of the contract from its language alone, different from that adopted by the court, insist that the acts of the parties under the contract should be resorted to, to determine in the most satisfactory manner the true intention which they had in view when entering into the same. The city council audited the bills of the appellant from time to time, allowing the sum of $75 for each hydrant and for setting the same. This, appellants counsel insists, ought to be accepted as showing the intention and understanding of the parties when making the contract. The fallacy of this insistance is, that it seems clear from the evidence, that the city council did not know that the sum demanded by the appellants and paid for the hydrants included anything to the appellants by way of profit. Had the appellants itemized the bills so that the city council would and ought to have known that the total sum asked by the appellants for a hydrant included a profit thereon, then payment would justly have been regarded as strong evidence that the parties so intended the contract to be understood when it was entered into. The appellants, however, gave no such information, but upon the contrary, asked for a sum total for each hydrant and for setting the same. Their conduct in this regard is open to the imputation that this practice was adopted in order that the question as to their rights to such profit should not arise. Under such circumstances the action of the council in auditing and paying the bills for the hydrants, does not at all aid in the construction of the contract.

The appellants urge that even under the construction given the contract the judgment should be reversed.

1st. Because the overpayments sought to be recovered were voluntarily made by mere mistake of law, and for that reason can not be recovered by action at law.

2d. That the city council had power to audit and allow or investigate and reject the claim presented by the appellants, and that the council could not allow such claims without investigation and pay them, and then seek to recover the amount paid, or part thereof, because of facts existing, but not known at the time the account was allowed and paid, but which could and would have been ascertained by the council had they reasonably examined into and investigated the claims when presented. As to the first of these reasons for reversal, it is sufficient to say that these payments were not made under a mistake of law, but of fact.

The city council supposed the total amount demanded by the appellants for each hydrant and for setting the same was the cost and expense thereof. In this it was mistaken, for, in point of fact, the total included a sum in excess of such cost and expense.

As to the second ground urged against the judgment, the rule of law invoked by the appellant is not applicable when the action of the council is brought about by the fraud of the claimant. So it is distinctly ruled in Advertiser and Tribune Co. v. City of Detroit, 43 Mich. 116, cited by the appellants as the authority relied upon by them to support the principle upon which their contention rests.

The first and second propositions of law held by the court in the case at bar are as follows:

1st. On behalf of the defendants, the court is requested to declare the law to be, that under the law it is the duty of the city council of Quincy, Illinois, to allow or refuse to allow claims presented against said city; that said council can not formally allow claims without investigation and rescind their action, and recover back money paid because of facts existing, but not known at the time the claim was

allowed, and which a proper examination would then have brought to their attention. In the absence of fraud or misrepresentation, the body which is given power to allow claims, when they have officially passed upon a claim, must be conclusively presumed to have had at the time full knowledge of all the facts pertaining thereto, which a proper investigation would have disclosed.

2d. That the law presumes that the city council of Quincy investigated each claim for hydrants against said city by the defendants, or by any one or more of them; and the law presumes that the said council examined into the justice of each of said claims and the liability of the city thereon, and the law presumes that if said council allowed said claims, or any of them, it was done advisedly and with knowledge of their justice or injustice; that payments so made are voluntarily paid and can not be recovered back in this case, in whole or in part, unless said payment or payments were made under a mistake of fact, induced by fraud or misrepresentation by defendants, or some one or more of them.

Entertaining such opinion as to the proper rule of law applicable to the case, it is clear that the court could have rendered judgment for the plaintiff below, only upon a finding from the evidence that the action of the council was induced by the fraud or misrepresentations of the appellants, or some one of them. The evidence certainly tended strongly to support such a conclusion, and was quite sufficient in our view to put it beyond our power to say that the finding is manifestly wrong.

The overpayments having been brought about by the fraud of the appellants, the court properly rendered judgment for the city and it is affirmed.