PINGREE *v.* MUTUAL GAS CO.

1. GAS COMPANIES—EXCESSIVE CHARGES—RECOVERY.

Charges involuntarily paid to a gas company by a private consumer in excess of the rates prescribed by the ordinance under which the company is operating may be recovered back, although a right of action therefor is not expressly conferred by the ordinance.

2. SAME—VOLUNTARY PAYMENTS—MISTAKE OF FACT.

Where an ordinance provides that a gas company shall not charge consumers more than an average of the rates charged in certain cities, payment of a charge in excess of such rate is not voluntary, where made in ignorance of the fact that it is excessive, even though the consumer be negligent in not ascertaining the fact.

Error to Wayne; Carpenter, J. Submitted October 9, 1895. Decided November 26, 1895.

*Assumpsit* by Hazen S. Pingree against the Mutual Gas Company to recover overcharges for gas furnished. From a judgment for plaintiff upon verdict directed by the court, defendant brings error. Affirmed.

*Henry A. Harmon (Harrison Geer,* of counsel), for appellant.

*Eli R. Sutton (Thomas T. Leete, Jr.,* of counsel), for appellee.

McGRATH, C. J. Plaintiff paid to defendant during the years 1887 to 1892, inclusive, for gas consumed upon his premises, an aggregate amount of $181.34 in excess of the rates prescribed by the ordinance under which the company operated. The payments were made upon monthly bills rendered on the first of each month, for the gas consumed during the previous month. The testimony is not reported, but, instead, are concessions; and it is conceded that, at the time of payment of the

bills, plaintiff did not know what the average charge was in the cities named in the ordinance. Plaintiff recovered. Defendant insists (1) that the ordinance does not confer a right of action in favor of a private consumer, and (2) that the payments must be regarded as having been voluntary.

The ordinance provides that "said corporation shall in no instance, nor under any circumstances whatever, charge either public or private consumers higher rates for the supply of light than· an average of the rates charged" and paid by such consumers in five cities, naming them. This provision was enacted for the protection and benefit of the consumers. It limited the rate which defendant could lawfully charge, and a charge in excess thereof was illegal, and its collection an illegal exaction. The right to recover money illegally exacted does not depend upon the statute. *Weet* v. *Trustees of Village of Brockport*, 16 N. Y. 161, note; *City of Brooklyn* v. *Railroad Co.*, 47 N. Y. 485; *Robinson* v. *Chamberlain*, 34 N. Y. 389; *McMahon* v. *Railroad Co.*, 11 Hun, 350; *McGregor* v. *Railway Co.*, 35 N. J. Law, 89; *Grey's Ex'r* v. *Mobile Trade Co.*, 55 Ala. 387.

As to the second point, it appears that the bills were paid in ignorance of the fact that the rates charged were in excess of the average rate in the cities named in the ordinance. It would be extremely technical to give any other construction to the concession made in the record. It is well settled that a voluntary payment cannot be recovered back; but a voluntary payment is one made with a full knowledge of all the circumstances upon which it is demanded, and without artifice, fraud, or deception on the part of the payee, or duress of the person or goods of the person making the payment. It is equally true that money paid under a mistake of a material fact may be recovered. Ignorance of the existence of the ordinance is not made the basis of the recovery here, but ignorance of the fact that the rates charged and paid were in excess of those in the cities named. The

cases relating to the recovery of excessive passenger or freight rates are analogous in principle to the present case. The right of a party, from whom has been exacted payment of rates of carriage in excess of those fixed by charter or statute, to recover the overcharge, is no longer open to serious question. 1 Wood, R. R. p. 679, § 206; 8 Am. & Eng. Enc. Law, 934; *Parker* v. *Railway Co.*, 7 Man. & G. 253; *N. Y. Central R. Co.* v. *Lockwood*, 17 Wall. 379; *W. Va. Transportation Co.* v. *Sweetzer*, 25 W. Va. 434; *Peters* v. *Railroad Co.*, 42 Ohio St. 275; *Mobile, etc., R. Co.* v. *Steiner*, 61 Ala. 559; *Heiserman* v. *Railway Co.*, 63 Iowa, 732.

*Arnold* v. *Railroad Co.*, 50 Ga. 304, cited by defendant's counsel, holds that if a payment be made through mere ignorance of the law, or paid where the facts are all known, and there is no misplaced confidence and no artifice or deception, an action will not lie to recover it back. In *Potomac Coal Co.* v. *Railroad Co.*, 38 Md. 226, the action was for excess of freight paid by plaintiff from July 1, 1864, to March 10, 1871. The statute prohibited discrimination. It was held that the money had been paid voluntarily, under no mistake of fact, and, there being no circumstances of duress, fraud, or extortion, the plaintiff was not entitled to recover. In *Killmer* v. *Railroad Co.*, 100 N. Y. 395, there was no statute fixing the rate or rendering the charges unlawful. Held, that the common-law duty imposed upon common carriers to carry goods upon being paid a reasonable compensation does not preclude special contracts between railroad corporations and shippers regulating the freight charges; and, where freight has been carried for a long course of years at the schedule price, the shipper making no objection as to the reasonableness of the charge, he must be deemed to have assented to the charge as reasonable, and to have voluntarily waived any objection thereto; at least, the receipt of the freight by the company at the tariff rate has no element of extortion, and an action is not maintainable to recover back any portion thereof,

although evidence is given authorizing a finding that
the charge was more than a reasonable sum for the trans-
portation. The court in that case distinguish it from the
cases arising under charter clauses or statutes prohibit-
ing discrimination or fixing rates, and say:

> "In those cases there was a violation of a specific
> statutory duty, and in all of them the payment was made
> either under protest, *or in ignorance of a fact which
> could only be known in general by the corporation, and which
> was concealed from the shipper.* What is a reasonable sum
> for transportation of goods in a given case is often a
> complex question, into which enter many elements and
> considerations, and is incapable of exact solution. * * *
> The company is, doubtless, better informed than the
> shipper as to what would be a compensatory or reason-
> able charge, but many of the facts which enter into the
> formation of a judgment on the question are accessible
> to the shipper."

A distinction may well be made between cases depend-
ing upon the common-law duty to carry goods at a reason-
able compensation, and those where, by the statute, the
rate is fixed by comparison, or discrimination is pro-
hibited. In the latter class of cases the facts are pecu-
liarly within the knowledge of the company fixing the
rate, and the presumption indulged by the party mak-
ing the payment would naturally be that the statute
was being complied with. The case of *Advertiser &
Tribune Co.* v. *Detroit,* 43 Mich. 116, arose under a print-
ing contract, and was put upon the ground that, in the
absence of fraud, a municipal body which is given the
power to allow claims, when it has officially passed upon
a claim, must be conclusively presumed to have had at the
time full knowledge of all the facts pertaining thereto
which a proper investigation would then have disclosed.
No such presumption applies to dealings between indi-
viduals. The payment in the present case was made in
ignorance of a material fact. Of course, no objection
or protest was made. An objection would imply knowl-
edge of the fact. Payments made by reason of a mistake

or ignorance of a material fact are regarded as involuntarily made. Ignorance of a fact may be equivalent to a mistake of fact. *Hurd* v. *Hall*, 12 Wis. 112. In *Fuller* v. *Railroad Co.*, 31 Iowa, 187, the court did not decide the question whether a person could recover the overcharge if he knew at the time of payment that it was in excess of the rates fixed, but held that, if he was ignorant of the fact at the time, he could recover. See, also, *Swift Co.* v. *U. S.*, 111 U. S. 22; *U. S.* v. *Barlow*, 132 U. S. 271; *Moses* v. *Macferlan*, 2 Burrow, 1005; *Beckwith* v. *Frisbie*, 32 Vt. 559; *Devine* v. *Edwards*, 101 Ill. 138; *Renard* v. *Fiedler*, 3 Duer, 318.

But it is urged that plaintiff was negligent in not ascertaining the fact. But mistake of fact usually arises from lack of investigation. The fact in the present case was not one with which the defendant had nothing to do. Its duty was to know the fact. It presented the bills containing the excessive charges. As is said in *Walker* v. *Conant*, 65 Mich. 194, the rule is general that money paid under a mistake of material facts may be recovered back, although there was negligence on the part of the person making the payment.

The judgment is affirmed.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. GRANT, J., did not sit.