# HIBBS *v.* BEALL.

---

BROKERS; MISTAKE OF FACT; CONTRACTS; RESCISSION; ESTOPPEL; ELECTION.

1. Money paid by mistake of fact may, where neither party is at fault, be recovered back as money paid without consideration, and therefore as money had and received to the use of the plaintiff. (Citing *Strauss* v. *Hensey,* 9 App. D. C. 541.)

2. Money paid under a mistake of fact which is the result of the plaintiff's negligence, with no fault on the defendant's part, cannot be recovered back, where the defendant cannot be placed *in statu quo.*

3. A stockbroker who sold what he thought was stock, certificates of which were exhibited to him by a customer, and who paid for the same after the customer delivered to him the certificates, cannot recover from the customer the amount paid, upon the ground that he, the stockbroker, erroneously supposed he was dealing with certain "copper mining" stock instead of "mining" stock of the same prefixal name, where the customer acted in good faith and as an agent, though without disclosure, and remitted to his principal before the broker discovered his mistake.

4. Recovery back of money paid by mistake of fact will be denied where, after discovering the mistake, the plaintiff acted inconsistently with his claim of rescission.

5. A stockbroker who, as such, sold stock and paid the customer therefor under the erroneous belief that he was dealing with stock of another company, cannot recover back the amount paid where, after discovering the mistake, he surrendered the certificates and had issued in the name of his firm certificates of smaller denomination for the avowed purpose of handling "the same better in case there should be any value to the stock," and delayed for thirteen months thereafter to take any action against the customer.

No. 2597.   Submitted February 2, 1914.   Decided March 2, 1914.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia in an action brought to recover back money claimed to have been paid defendant by mistake.                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment in the supreme court of the District for Fred Beall, the defendant, appellee here, in an action for the recovery of $799.20, with interest, claimed to have been paid the defendant by mistake.

The plaintiff, W. B. Hibbs, is the surviving member of the firm of W. B. Hibbs & Company, a copartnership engaged in the stock brokerage business in the District of Columbia. In September, 1909, the defendant, an attorney, took to the plaintiff's place of business 800 shares of the capital stock of the Douglass Mining Company, represented by three certificates, one for 500, one for 250, and one for 50 shares, and stated to a representative of the plaintiff that he wished to sell the stock. He thereupon handed the certificates to this representative and asked their value. He was informed that the market was a little off. The defendant then left an order for the sale of the stock, and offered to leave the certificates with plaintiff. Plaintiff's representative, however, said this was unnecessary, and returned the certificates to defendant. Not hearing from plain-

tiff, the defendant, on October 15th, telephoned the firm, and again inquired about Douglass Mining stock and was informed that 1–1/16 was then bid for it. He authorized a sale at that figure. On the next day defendant received the following notice of the sale of the stock:

Fred Beall, Esq., 624 F St., N. W., City.

Dear Sir:—We have this day for your account and risk, according to the rules of the exchange where order is executed:
    Bought:
    Sold 800 Douglas Mining .......................... 1–1/16
                    Yours truly,
                        W. B. Hibbs & Co.

Thereupon the defendant sent the following communication to the plaintiff, together with the three certificates previously mentioned:

                    October 16, 1909.
Messrs. W. B. Hibbs & Co., Hibbs Building, Washington, D. C.
    Gentlemen:—I am in receipt of yours of the 15th instant notifying me of the sale of 800 shares of Douglass Mining stock at 1–1/16, for which please accept thanks. I herewith hand you the stock by Mr. William Henry, and will thank you to send by Mr. Henry your check for the net proceeds of sale.
                    Yours truly,
                        Fred Beall.

Upon receiving these certificates the plaintiff sent defendant a check for $799.20 in liquidation. It transpired that in selling this stock the plaintiff had assumed that it was Douglass *Copper* Mining stock. On October 20th, following, this mistake of the plaintiff was brought to the attention of the defendant. The defendant immediately answered that he had given an order to sell Douglass Mining stock; had delivered that stock and received a check in settlement; that in doing this he was acting without compensation for a client, a Mr. Cockrell, whose

address he gave; and that immediately upon receipt of the check he had turned over the proceeds to his client, receiving no benefit whatever from the transaction.

Before the mistake was discovered plaintiff sent the three certificates to New York to make delivery. Subsequently, and *after the discovery of the mistake,* plaintiff caused to be issued in the firm name, in lieu of these three certificates, eight certificates of 100 shares each, "in order to handle the same better in case there should be any value to the stock." These eight certificates were not indorsed by the plaintiff until November 11, 1910. Before bringing this suit plaintiff tendered them to the defendant.

The learned trial justice ruled that the right of the plaintiff to recover was dependent solely upon the question, which the court submitted to the jury, "whether or not Hibbs & Company were negligent, as the law term is, in the payment of the $700 to Captain Beall," the defendant; that in case the jury should find that if, under all the circumstances of the case, plaintiff was not as careful "as á man of reasonable prudence would have been in finding out whether Captain Beall was sending them the certificate that they (Hibbs & Company) expected to get, then they (Hibbs & Company) were negligent," and could not recover. To this charge plaintiff excepted on the ground that the question of negligence had no bearing on the right of the plaintiff to recover.

*Mr. Charles L. Frailey,* for the appellant:

1. Negligence on the part of one who pays money to another under an honest mistake of fact is no bar to the recovery of the money so paid. *United States* v. *Barlow,* 132 U. S. 271, 281, 282; *United States* v. *Carr,* 132 U. S. 644, 651; 22 Am. & Eng. Enc. Law, 621; *Kelly* v. *Solari,* 9 Mees. & W. 54; *B. & S. R. Co.* v. *Faunce,* 6 Gill, 68, 77; *Appleton Bank* v. *McGilvray,* 4 Gray, 518, 522; *Quimby* v. *Carr,* 7 Allen, 417, 419; *Kingston Bank* v. *Eltinge,* 40 N. Y. 391, 396; *Lawrence* v. *American Nat. Bank,* 54 N. Y. 432, 435; *Mayer* v. *Mayor,*

*&c.* 63 N. Y. 55, 457; *Hathaway* v. *Delaware County,* 185 N. Y. 368; *Moran* v. *Brown,* 113 N. Y. Supp. 1038, 1041; *McKibben* v. *Doyle,* 173 Pa. 579, 581; *Girard Trust Co.* v. *Harrington,* 23 Pa. Super. Ct. 615, 618, 620, 621; *Pingree* v. *Mutual Gas Co.* 107 Mich. 156; *Walker* v. *Conant,* 65 Mich. 194, 195; *Brown* v. *Tillinghast,* 84 Fed. 71; *United States* v. *National Park Bank,* 6 Fed. 852; *Brown* v. *College Corner Road Co.* 56 Ind. 110; *Douglas County* v. *Keller,* 43 Neb. 635; *City Nat. Bank* v. *Peed,* — Va. —, 32 S. E. 34, 36; *New York, N. H. & H. R. R. Co.* v. *Ansonia Electric Co.* (Conn.) 76 Atl. 1004; *James River Nat. Bank* v. *Weber,* — N. D. —, 124 N. W. 952; *Houston R. Co.* v. *Hughes,* — Tex. Civ. App. —, 133 S. W. 731; *Russell* v. *Richards,* — Ala. —, 60 So. 411; *German, etc., Bank* v. *Columbia Trust Co.* — Ky. —, 85 S. W. 761, 763; *First Nat. Bank, etc.* v. *Behan,* 91 Ky. 561, 562; See also Kerr, Fr. & Mistake, p. 415, and 22 Am. & Eng. Enc. Law, 624.

2. Payment by an agent to an undisclosed principal will not exonerate the agent from refunding money paid to him under a mistake of fact, where his agency was unknown to the person who made such payment. *R. Co.* v. *Hughes,* — Tex. —, 133 S. W. 731, *supra; Canal Bank* v. *Albany Bank,* 1 Hill, 289; *Koontz* v. *Central Nat. Bank,* 51 Mo. 275; *Phetteplace* v. *Bucklin,* 18 R. I. 297; *Moors* v. *Bird,* 190 Mass. 409, 410; *United States* v. *Pinover,* 3 Fed. 305, 309; *Holt* v. *Ross,* 54 N. Y. 472–475; *Smith* v. *Kelly,* 43 Mich. 390, 391; 2 Clark & Skyles, Agency, p. 1290, sec. 591 (*e*); Mechem, Agency, sec. 563.

*Mr. William Henry White* and *Mr. George H. Macdonald,* for the appellee:

1. Where a party seeks relief upon the ground of mistake or fraud, he must upon the discovery of the facts at once evidence his purpose, and adhere to it. If he be silent and continue to treat the property as his own, he will be held to have

waived the objection, and will be conclusively bound by the transaction, as if mistake or fraud had not occurred. He is not permitted to play fast and loose. *Grymes* v. *Sanders,* 93 U. S. 62.

2. The negligence of Hibbs & Company must be considered in connection with the fact that they are stockbrokers who, under the law, are required to act with reasonable diligence and prudence in their employment, and to exercise their judgment and discretion to the best advantage of the principal. Those who deal with them have a right to expect a degree of care commensurate with the importance of the transaction, and reasonable ability and skill and capacity adequate to its importance. This is different in kind from the ordinary diligence and capacity of an ordinary citizen, and a broker is employed for that reason. Appellee put his business in their hands because of their supposed skill and prudence, and, under the law, had a right to expect from them care, prudence, and skill in the management of his business. 1 Dos Passos, p. 218; *Duncan* v. *Hill,* L. R. 8 Exch. 242; *Bend* v. *Hoyt,* 13 Pet. 263.

Equity will not relieve a plaintiff against his own act or contracts on the ground of mistake or ignorance of facts, where such mistake or ignorance was caused by his gross negligence. *Conner* v. *Welch,* 51 Wis. 431.

Money cannot be recovered back when voluntarily paid, or paid with a knowledge, or means of knowledge in hand, of the facts. *Norton* v. *Marden,* 15 Me. 45, citing *Welsh* v. *Carter,* 1 Wend. 185.

Mistake, to be relievable in equity, must not have arisen from negligence, where the means of knowledge were easily accessible. *Grymes* v. *Sanders,* 93 U. S. 55–61; Kerr, Fr. & Mistake, 407; *Fegan* v. *Great Northern R. Co.* 81 N. W. 39–43, citing *Espy* v. *Bank,* 18 Wall. 604, 21 L. ed. 947; *Boas* v. *Updegrove,* 5 Pa. 516.

3. A broker has no right to recover indemnity for acts beyond the scope of his authority. *Bowlby* v. *Bell,* 3 C. B. 284; 1 Dos Passos, pp. 234–235; *Bradfield* v. *Patterson,* 106 Ala. 397.

Mr. Justice ROBB delivered the opinion of the Court:

There are no disputed questions of fact in the case, and it therefore becomes material to determine whether the plaintiff was in any event entitled to recover. It is a general rule that where money is paid by mistake, neither party being in fault, the party paying the money may recover it as money paid without consideration, as money had and received by the defendant to the use of the plaintiff. *Strauss* v. *Hensey,* 9 App. D. C. 541; *United States* v. *Carr,* 132 U. S. 644, 33 L. ed. 483, 10 Sup. Ct. Rep. 182. But this rule is not without limitations. Where the mistake and the payment result from the negligence of the plaintiff himself, without any fault on the part of the defendant, and where the effect of such negligent payment has been to leave the defendant in a position where he cannot be placed *in statu quo,* the plaintiff may not recover the payment. *Bend* v. *Hoyt,* 13 Pet. 263, 10 L. ed. 154; *Pingree* v. *Mutual Gas Co.* 107 Mich. 156, 65 N. W. 6; *Ball* v. *Shepard,* 202 N. Y. 247, 95 N. E. 719. In the case last cited it was held that the mistake relied upon must arise in the transaction between the parties to the action. If there is any question as to whether it would be inequitable to require the defendant to refund, the burden of proving that fact rests upon him. *Hathaway* v. *Delaware County,* 185 N. Y. 368, 13 L.R.A.(N.S.) 273, 113 Am. St. Rep. 909, 78 N. E. 153; *Bend* v. *Hoyt,* above cited, was an action of assumpsit against the collector of the port of New York to recover a sum alleged to have been paid him as collector by mistake. The court denied the plaintiff's right of recovery, saying: "No case has been cited, and none has come to our knowledge, where an action has been maintained at law, under circumstances like the present, where money has been sought to be recovered for a mistake of fact, occasioned by the culpable negligence of the plaintiff, and where the retaining of it on the other side is not unconscientious."

In the present case the defendant applied to the plaintiff to have sold Douglass Mining stock. He exhibited that stock to the plaintiff, and, after the sale and before payment, delivered

the certificates for that stock to the plaintiff. He received a check in settlement and turned over its proceeds to his client. The plaintiff carelessly, for no other term would properly characterize the transaction, sold another stock. The defendant neither directly nor indirectly contributed to this mistake. In short, he was entirely blameless in the matter. When the plaintiff discovered the mistake the defendant had changed his position. He had parted with the proceeds, and could not make a refund unless he did so out of his own pocket. That his agency was undisclosed to the plaintiff does not affect the situation. He acted in good faith, and there was no apparent reason why he should either make known the fact of his agency or retain the proceeds of the sale for a longer time. He was dealing with stockbrokers, possessing special knowledge of stock, and he had the right to assume, when he delivered the certificates in question and the check was sent him, that the transaction was ended so far as his relations with the plaintiff were concerned. To permit the plaintiff to recover, under the facts of this case, would be to reverse the rule and permit the party through whose negligence the loss occurred, if loss there was, to recover at the expense of a perfectly innocent party.

There is another ground upon which plaintiff's action may be dismissed under the admitted facts. A party seeking redress from the effect of his own mistake must show that his conduct has been consistent. Thus, where a party desires to rescind a contract on the ground of mistake, and it appears that after the discovery of the mistake his conduct was not consistent with his claim of rescission, relief will be denied him. "He is not permitted to play fast and loose. Delay and vacillation are fatal to the right which had before subsisted." *Grymes* v. *Sanders,* 93 U. S. 55, 23 L. ed. 798, 10 Mor. Min. Rep. 445. Here, after the discovery of the mistake, the plaintiff had issued in the firm name, in lieu of the three certificates delivered by the defendant, eight certificates "in order to handle the same better in case there should be any value to the stock." While these certificates represented the same stock, the conclusion is irresistible that the change was made for the sole purpose of realiz-

ing on this stock if a rising market should make it profitable or possible to do so. They were not indorsed until about thirteen months after the original transaction, and it is clear, we think, that plaintiff did not conclude to institute this suit until it became apparent that a loss would otherwise he suffered. Can there be any doubt on the admitted facts that, had this stock appreciated in value during the time the eight certificates were being held by the plaintiff, to such an extent as to have made possible their sale at a profit to the plaintiff, such a sale would have been made and the profit retained by the plaintiff? In other words, the action of the plaintiff in causing the reissue of this stock, in the circumstances named, was inconsistent with the claim now made. To be in a position to insist upon rescission of the contract, plaintiff should have maintained a consistent position. By evincing a willingness, for a period of thirteen months, to speculate upon the rise of this stock, the plaintiff is not now in a position to insist upon what in effect would be a rescission of the contract.

The judgment must be affirmed, with costs. 　　　*Affirmed.*