## TRUAX *v.* BLISS.

1. EVIDENCE—OPINIONS OF THIRD PARTIES.
   The conclusion reached by an arbitrator, to whom the differences between plaintiff and defendant were submitted under an agreement that his decision should not be binding, is not admissible.

2. OVERPAYMENT—RIGHT TO RECOVER.
   Money paid by mistake in excess of the amount due may be recovered.

Error to Lenawee; Chester, J. Submitted January 13, 1905. (Docket No. 53.) Decided February 27, 1905.

Assumpsit by Jerome Truax against Almond L. Bliss for money alleged to have been paid under a mistake.

There was judgment for plaintiff, and defendant brings error.   Reversed.

*Fellows & Chandler*, for appellant.

*J. W. Helme*, for appellee.

MOORE, C. J.   This is an action brought for money claimed to have been paid under a mistake.   The plaintiff claimed to have overpaid the defendant $272.   The transaction came about in this manner:  Mr. Truax, the plaintiff, applied to the defendant for a loan of $700.   Defendant let him have $500, and indorsed his note for $200 at the bank.   The loan was secured by a deed to the defendant of a small piece of land, which he was to sell, and by a bill of sale of plaintiff's furniture in an hotel, which plaintiff rented from Dr. Baker.   The land was sold for $650.   The defendant claimed that at the time of the sale of the real estate he loaned plaintiff $150, and afterwards loaned him $50.   The plaintiff denies this.   He insists that defendant wrote him that he must have his pay, and that plaintiff requested Dr. Baker to go and see him and pay him; that he did so, and overpaid the amount for which this suit was brought; that when plaintiff found out about the overpayment, upon the refusal of defendant to rectify the mistake, this suit was brought.

Counsel for appellant say:   " We shall urge but two questions upon this record:   *First.*  Did the plaintiff have the right to show that he and defendant had agreed to make a statement in writing to one Shattuck of their respective claims, with the understanding that Shattuck's decision should not be binding, and to show what that decision was?   *Second.*  Was there anything to go to the jury ? "—and answers both of them in the negative.

As to the first question, the record shows as follows (Mr. Truax testifying):

" After my business was over the next fall, I insisted then on a settlement, and finally offered to arbitrate it. He wouldn't arbitrate, at first, and have it binding.   Said

he didn't think he had anything to arbitrate. I finally made a proposition that we would arbitrate and not have it binding. Then it might convince one or the other of us that we were wrong. So I named Henry S. Shattuck, and Bliss says: 'Very well. We will make our statement to Mr. Shattuck and let him find what the difference is between us.' I went and saw Shattuck, and he communicated to Bliss to have him make his written statement, and I would mine. Bliss said for Shattuck to tell me to make out a written statement, and leave it with him, and that he would do the same. I made out my statement, and left it with Shattuck. Mr. Bliss finally filed a statement with Mr. Shattuck. After Shattuck saw the statements he said: 'I don't feel competent—.'

" (Objected to as immaterial.)

" *The Court:* I think, excepting that which was in the presence of Mr. Bliss, or communicated to him, it is good.

" *Mr. Fellows:* I think all of this matter is immaterial. This is not a suit brought upon an arbitration.

" *Witness* (continuing): Mr. Shattuck made a finding of differences between us."

Then follows the finding, which ends, "Making balance due, $290.47." This finding, against the objection of counsel, was allowed to go to the jury. It is said by the plaintiff that the finding was a mere mathematical computation, which the plaintiff was entitled to have go to the jury; citing *McCreery* v. *Green*, 38 Mich. 186. He further contends that, if error, it was not prejudicial error; citing *Lane* v. *Pere Marquette Boom Co.*, 62 Mich. 69. We cannot agree with counsel in either of these contentions. Plaintiff was making one claim as to the controlling facts. Defendant disputed this claim, the one opposing the other. To allow the result reached by a third person in relation to the matter in controversy to be read to the jury was to permit them to consider hearsay testimony which the counsel, by offering, and the circuit judge, by receiving, had characterized as material evidence for them to consider. This is not allowable, under *Corning* v. *Woodin*, 46 Mich. 44; *Webber* v. *Hayes*, 117 Mich. 256.

The next question is, Was there anything to submit to the jury? If it is true that the plaintiff paid to defend-

ant, through the agency of Dr. Baker, more than was due him, and, when he learned of the mistake, sought to obtain repayment, which was refused, we do not think the defendant can now be heard to say he will not repay. See *Pingree* v. *Gas Co.*, 107 Mich. 156; *State Savings Bank* v. *Buhl*, 129 Mich. 193 (56 L. R. A. 944), and the many cases cited therein.   There was no serious dispute about certain sums of money having been paid by the plaintiff.   The defendant, however, claims that, as to two of these payments, he loaned to plaintiff sums of money equal to them.   This was denied by the plaintiff, and presented a question of fact for the jury.

For the reason stated, the judgment is reversed, and a new trial ordered.

CARPENTER, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.