MONTGOMERY WARD & COMPANY *v.* WILLIAMS.

1. PAYMENT—MISTAKE OF FACT—UNKNOWN OR UNCERTAIN FACTS.
   The general rule that moneys paid under a mistake of fact may
   be recovered, whether the mistake is mutual or not, is subject
   to an exception whereby recovery may not be had by the
   payor who elects to pay when the true facts are unknown or
   uncertain and it later develops that payment was made under
   the wrong state of facts which would have relieved him of
   liability.

2. FRAUD—KNOWLEDGE TO CONTRARY OF REPRESENTATION.
   Fraud is not perpetrated upon one who has full knowledge to
   the contrary of a representation.

3. PAYMENT—VOLUNTARY PAYMENT—MISTAKE OF MATERIAL FACT—
   LACK OF INVESTIGATION.
   A voluntary payment may be recovered back, if made under
   a mistake of a material fact, even if the mistake be due to
   a lack of investigation.

4. SAME—VOLUNTARY PAYMENT—FRAUD.
   A voluntary payment cannot be recovered back where it is made
   with a full knowledge of all the circumstances upon which it
   is demanded, and without artifice, fraud or deception on the
   part of the payee, or duress of the person or goods of the
   person making the payment.

5. SAME—KNOWLEDGE OF BRANCH MANAGER—GROUP HEALTH AND
   ACCIDENT INSURANCE—WORKMEN'S COMPENSATION.
   Plaintiff corporate employer is charged with knowledge of the
   manager of the branch store in which defendant was employed,
   as to circumstances surrounding accident sustained by de-
   fendant who first made claim for nonservice-connected dis-
   ability under group health and accident insurance plan pursu-

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 4, 6]  40 Am Jur, Payment, § 187 *et seq.*
[2]  23 Am Jur, Fraud and Deceit, § 115.

ant to manager's advice and later sought and obtained work-
men's compensation for service-connected disability, where the
manager was the employer's agent for administration of the
insurance plan and knew all the material facts about the
accident and payment was made with such knowledge.

6. APPEAL AND ERROR—MISTAKE OF FACT—VERDICT—EVIDENCE.
   Verdict for defendant employee in employer's action to recover
   money paid under alleged mistake of fact *held*, supported by
   competent evidence that payment, although made voluntarily
   without consideration, was with full knowledge of facts on
   part of employer.

Appeal from Manistee; Neal (Max E.), J. Sub-
mitted April 6, 1951. (Docket No. 43, Calendar No.
44,927.) Decided May 14, 1951.

Action by Montgomery Ward & Company against
Charles O. Williams to recover money paid defend-
ant under a claimed mistake of fact. Verdict and
judgment for defendant. Plaintiff appeals. Af-
firmed.

*Charles J. Dovel (Ballard, Jennings, Bishop &
Fraser* and *Francis D. Roth,* of counsel), for plain-
tiff.

*Campbell & Campbell,* for defendant.

SHARPE, J. This is a law action for the recovery
of $625 paid to defendant for a claim growing out of
an accident while defendant was a member in a group
health and accident insurance plan established and
operated by plaintiff for its employees.

Plaintiff, Montgomery Ward & Company, is an Il-
linois corporation authorized to do business in Mich-
igan. In 1945, it operated one of its stores in Manis-
tee, Michigan, with Vincent Ward as store manager
and defendant, Charles O. Williams, as manager of
the furniture and appliance departments. The in-

surance plan provided that no benefits would be payable in connection with any illness or accident for which the participant was entitled to payment under the workmen's compensation or occupational disease law of any State.  The plan did provide for disability payments of $25 per week for a maximum period of 26 weeks from the date the employee was unable to work because of his illness or accident.

On the evening of April 23, 1945, defendant was working in plaintiff's store, applying floor dressing to one of the floors, while so doing he slipped, but caught himself on the mop which he was using.  Prior to leaving the store that evening, he reported the slipping incident to the manager who was working in the office in connection with the store.  Defendant worked the following 2 days, but did not work the following 2 days.  On April 27th, plaintiff's manager called at defendant's home and brought appropriate forms for use in making a claim under the health and accident policy..  Defendant filled out the following:

"Section I.

"Name—*Charles O. Williams.*  Employed—*Manistee, Michigan.*  Address—*815 Maple St.*  Age—*49.*  Occupation—*Dept. Head.*  Dept. *66–68–72*

"1. On what date did you become ill (or have an accident)?  *Monday, April 23, 1945.*

"2. What was the first full day you were unable to work because of your disability?  *April 26, 1945.*

"3. If an accident, describe how and where it occurred—   .    .    .    .    .    .    .    .    .

"4. Do you carry any other hospitalization insurance?  *No.*  What Company?   .    .    .    .

"I agree to submit to periodic examinations and that my doctor, or any doctor who may examine me, may make a complete report to the Administrator, as to my condition.

"Date Signed—*April 27, 1945.*  Signature of Member—*Charles O. Williams.*"

It should be noted that at the top of the claim forms which defendant signed, the following appears: "Do Not Use This Form In Connection With Injuries At Work."

As a result of his claim defendant received $625 as disability payments under the group health and accident plan at the rate of $25 per week for the period from April 26 through October 19, 1945.

On October 10, 1945, defendant applied for workmen's compensation and in due course of time he was awarded compensation for disability as the result of his slipping on April 23, 1945. Compensation was paid at the rate of $21 per week beginning April 26, 1945, and continuing until the end of December, 1948. On February 7, 1948, plaintiff filed a declaration containing 2 counts, one alleging payment made by a mistake of fact and the other alleging payment by false and fraudulent representations by defendant in applying for and receiving such benefits.

The cause came on for trial before a jury. The trial court gave the following instructions:

"Now I charge you, if you are satisfied by the greater weight of the evidence, from the proofs received, that defendant falsely, either intentionally or innocently, by his silence or conduct or through a mistake as to fact, represented to plaintiff, that is, to its store manager, Vincent Ward, or to his successor, Hoffman, that the accident or his illness in question, occurred outside of the store, and that its manager had no knowledge to the contrary, but relied upon the reports of defendant's disability either the formal report as submitted to it by defendant or his oral explanation that the disability happened outside of his work then plaintiff is entitled to recover the $625, which it paid defendant under its benefit plan, inasmuch as it is conceded here the accident happened in the store on April 23d, and was not covered by plaintiff's benefit plan but under the law of the State by the workman's compensation act.

"In this connection I also charge you that a payment made under mistake of fact may be recovered by the party making the payment even if such payment was made voluntarily and without investigation by the party making the payment. The law is that a payment which has been made by a party under a mistake of fact as to liability on his part.may be recovered by him from the party to which the payment has been made. And payment under a mistake of fact can be recovered irrespective of the sources of information in regard to the existence or truth of such fact open to the person making the payment. It is no defense to an action for its recovery that the mistake arose through the negligence of the party making the payment. The $625 was paid to defendant without consideration. Defendant gave nothing for it. The premiums or cost of the insurance or benefits under the Ward employees' benefit plan only applied to the coverage provided by that plan. Mistake of fact is what the phrase implies, namely; a misunderstanding, misapprehension, error, fault, or ignorance of a material fact, a belief that a certain fact exists when in truth and in fact it does not exist. A payment made by reason of a mistake of a material fact is regarded by the law as made involuntarily. Even if a party was negligent in not ascertaining the fact, that makes no difference. Mistake of fact usually arises from lack of investigation.

"I charge you *. * * It is not necessary.to authorize recovery of money when paid under mistake of fact that the mistake be mutual. Of course, if the money in this case was paid to defendant by plaintiff under a mutual mistake of fact, then plaintiff is entitled to recover the $625. So, if both parties were mistaken as to the cause or place of defendant's disability, then plaintiff is entitled to recover the $625 paid to defendant.

"And, reading in part, plaintiff's request No 17; In this case it was the duty of defendant to disclose all the facts concerning his disability to plaintiff in

his written claim report concerning which information was requested.

"Now, on the other hand, if you believe from the proofs that defendant informed plaintiff's manager, Mr. Ward, on the evening of April 23d that the accident had occurred in the store, while defendant was polishing the floor in his department and that with that knowledge Mr. Ward called at defendant's home on April 26th or thereabouts, with the printed form for the report of the accident, as claimed by defendant, and that he instructed defendant to fill in and sign section 1 of the report and to have his physician Dr. Miller make out and sign the doctor's certificate of disability made a part of the form, and that after defendant complied with the instructions so given, Mr. Ward called upon defendant and accepted the report from him and informed defendant he would attend to filling out the balance of the form and send them to plaintiff, then in that event, the plaintiff having knowledge of the place and source of defendant's disability, the latter would not be guilty of fraud either active or constructive and there would be no mistake of facts as to the circumstances of defendant's disability, whereby defendant would be entitled to your verdict of no cause of action for in that event plaintiff would fail to satisfy you of the truth of its claim by a preponderance of the evidence.

"And this would be true, regardless of the large print appearing across the top of the form to the effect that the blank could not be used for making claims for disability accruing while at work. If you believe defendant informed Mr. Ward that the disability of April 23d occurred in the store, then plaintiff had such knowledge of the place of the accident as though the form had been filled in by defendant correctly stating the manner and place of the accident. Under Ward's plan the store manager had charge of disability claims presented by its employees under its plan and if Manager Ward accepted the reports under such circumstances knowing the disability had occurred in the store, and forwarded the

claim to his company, then the defendant would not
be guilty of fraud, expressed or implied, or mistake
as to facts."

The jury returned a verdict in favor of defendant.
Thereupon, plaintiff filed a motion for judgment *non
obstante veredicto,* based upon the following:

"1. That under the uncontradicted testimony in
the case there was no question to go to the jury;
* * *

"4. That the first claim report (as well as the 6
later claim reports) submitted by defendant to plain-
tiff as a basis for weekly benefit payments under the
Ward plan, and defendant's testimony, show beyond
dispute a mistake as to defendant's ailment or dis-
ability, the cause thereof, when and where incurred
and its duration, as a result of which erroneous re-
port and in reliance upon it as plaintiff was entitled
to do. Plaintiff was induced to and did pay defend-
ant the sum of $625 under the Ward plan to which de-
fendant was not entitled;

"5. That defendant is bound by the said first and
6 subsequent claim reports submitted by him to
plaintiff under said Ward plan;

"6. That parol evidence was not admissible to
change or add to any or either of said 7 reports sub-
mitted by defendant to plaintiff as the basis for pay-
ment to defendant under said Ward plan, or to alter
or increase plaintiff's responsibility over and beyond
the provisions of said plan;   * * *

"8. That the store manager had no authority to
add to, change, or in any way alter the provisions
and requirements of said Ward plan, or to act for
defendant in any respect in making said first claim
report;

"9. That plaintiff did not waive any of the provi-
sions and requirements of said Ward plan, or en-
large its responsibility to defendant thereunder in
any way, and the store manager did not waive and
had no authority to waive, alter, or increase the cov-
erage provided under said plan;

"10. Defendant was not prejudiced in any way, suffered no detriment and did not change his position in reliance upon or as a result of the payments made to him by plaintiff; he received moneys to which he was not entitled under the Ward plan as the result of what he did and would not be prejudiced by being required to make repayment of the $625 paid to him by plaintiff under mistake of fact or as the result of defendant's constructive fraud;

"11. The evidence affirmatively establishes that knowledge did not exist in the mind of the store manager at the time of first presentment to defendant of the Ward plan claim form, and the payments thereunder, of the claim of defendant that his disability arose out of his employment, and, therefore, payment under such mistake may be recovered."

The trial court denied plaintiff's motion and in an opinion stated:

"If defendant informed the store manager, Mr. Ward, that his disability was service connected and with that knowledge he submitted defendant's claim forms for disconnected service disability, requesting defendant to fill out his portion or part of the proofs, and that he, Ward, would fill out the remainder of the forms and send them in to plaintiff and the store manager accepted the forms as so executed by defendant and forwarded them to plaintiff's Chicago office and did so with full knowledge from defendant as above stated, that his disability was service connected, then, in my opinion, plaintiff waived the fraud, if any, and can not recover the $625 so paid. Under the proofs this was an issue of fact for the jury and it determined the issue adversely to plaintiff under the charge of the court fairly presenting the issue.

"Defendant did all that was requested of him in informing the manager at the time of the accident that his disability occurred in the store while at work.

"Under subparagraph A of Part VII of plaintiff's employees benefit plan * * * the retail store man-

ager is the authorized agent of the manager of plaintiff's insurance department and as such he was authorized to accept and transmit defendant's claim to plaintiff and if defendant informed the retail manager of plaintiff's local retail store, that his disability was service connected, as defendant claimed and as the jury found, then plaintiff was chargeable with knowledge of that fact through its local retail manager, and if it paid the claim under such circumstances there was no mistake as to facts, and no fraud was committed by defendant upon plaintiff.

"While it is a general rule that moneys paid under a mistake of fact, whether the mistake is mutual or not, may be recovered, yet this general rule is subject to the limitation or exception, that where the true facts are known or uncertain and the payor is confronted with the alternative of either paying or refusing to pay the claim and he elects to pay and it later develops that he has paid under the wrong state of facts, which would have relieved him of liability, then the moneys so paid may not be recovered.

"In my opinion plaintiff had the alternative of paying or refusing to pay upon the reported fact of service connected disability or upon the formal claims as submitted to it by the local retail store manager. It made its choice, with the knowledge of the conflicting facts and in doing so it assumed the risk of payment upon the record here.

"It may also be observed that the portion or part of the formal claim in exhibit 4 (claim form) to be filled in by defendant was not answered by him so that it and the like subsequent exhibits failed to show the place or manner of the accident in response to question 3 on that portion of the forms. Neither did it affirmatively appear from that part of the form, which defendant signed that the disability was service disconnected. Plaintiff accepted the claims knowing of this omission."

Defendant testified:

"When I was injured on the evening of April 23, 1945, I was working on the main floor of Ward's Manistee store, Vincent Ward, the local manager, was in the building at the time. I talked with Mr. Ward that same evening in the building. I reported that I had slipped while 'myco-sheening' the floor, and he advised me to go and have it taken care of. It was dangerous to have a pain in that position. That was the same evening."

We also note that defendant did not answer the following question when he filled out the *"Claim Form"*: "If an accident, describe how and where it occurred."

Under the above testimony a jury could determine that plaintiff through its agent had knowledge of the time, place and nature of the injury. They also had for consideration the issue of fraud, either active or constructive, but fraud is not perpetrated upon one who has full knowledge to the contrary of a representation. See *Beverly* v. *Richards,* 255 Mich 508. Whether plaintiff paid defendant's claim with sufficient information that the claim was not one contemplated under the terms of the policy also presented an issue of fact.

In *Couper* v. *Metropolitan Life Ins. Co.,* 250 Mich 540, we said:

"It is well settled law that a payment, although voluntarily made, if made under a mistake of a material fact, may be recovered, even if the mistake be due to a lack of investigation."

It is also the rule as stated in *Pingree* v. *Mutual Gas Co.,* 107 Mich 156:

"It is well settled that a voluntary payment cannot be recovered back; but a voluntary payment is one made with a full knowledge of all the circumstances upon which it is demanded, and without

artifice, fraud, or deception on the part of the payee, or duress of the person or goods of the person making the payment."

In 53 ALR 949, it is said:

"The rule is well settled that, where money has been voluntarily paid with full knowledge of the facts, it cannot be recovered on the ground that the payment was made under a misapprehension of the legal rights and obligations of the person paying."

It is not disputed that plaintiff should be held chargeable with the knowledge gained by its manager from the oral notice of injury he received on April 23, 1945. The verdict of the jury finds support in defendant's testimony. We are not inclined to substitute our conclusions on questions of fact for those of a jury where there is competent evidence to support their verdict.

The judgment is affirmed, with costs to defendant.

REID, C. J., and BOYLES, NORTH, DETHMERS, CARR, and BUSHNELL, JJ., concurred. BUTZEL, J., did not sit.