DAVIDSON v JOHNSON (ON REHEARING)

VANDER ZYL v DANEVICZ

1. Automobiles—Insurance—No-Fault Insurance—Amount of Deductible—Statutes.

The insurance commissioner has never had the authority, under the no-fault automobile insurance act, to increase the amount of the deductible above the statutorily authorized $300 per accident; therefore, a $5,000 deductible clause in an insurance contract is invalid (MCLA 500.3109[3]; MSA 24.13109[3]).

2. Automobiles—Insurance—No-Fault Insurance—Amount of Deductible—Constitutional Law—Statutes.

It would be an unconstitutional delegation of legislative authority without a standard and a denial of due process to allow the insurance commissioner to increase the amount of the deductible, under the no-fault automobile insurance act, without limitation, above the statutorily authorized amount (Const 1963, art 3, § 2, MCLA 500.3109[3]; MSA 24.13109[3]).

3. Automobiles—Insurance—No-Fault Insurance—Liability Insurance—Property Damages.

Property damages based upon fault are properly recoverable under the residual liability insurance coverage required by the no-fault automobile insurance statute.

4. Automobiles—Insurance—No-Fault Insurance—Attorney Fees—Statutes.

Attorney fees may be charged under the no-fault act against an insurer in an action by a claimant for personal or property protection benefits which are overdue only upon a finding that the insurer unreasonably delayed or refused payment (MCLA 500.3148[1]; MSA 24.13148[1]).

Appeal from Kent, John T. Letts, J. Submitted

References for Points in Headnotes

[1, 2] Am Jur 2d New Topic Service, No-Fault Insurance § 23.

[3] Am Jur 2d New Topic Service, No-Fault Insurance § 34.

[4] Am Jur 2d New Topic Service, No-Fault Insurance § 7.

May 4, 1977, at Grand Rapids. (Docket Nos. 26797, 28242.) Decided November 22, 1977.

Two cases consolidated for appeal. Complaint by William Davidson against Mitchell A. Johnson, The Farm Bureau Insurance Group, and The Citizens Mutual Insurance Company for damages resulting from an automobile-motorcycle collision. Summary judgment for plaintiff against Farm Bureau on his personal injury claim only. Farm Bureau appealed. Affirmed, and modified to include payment for plaintiff's property damage, 76 Mich App 497. On rehearing the trial court is affirmed with further modifications.

Complaint by Stephen Vander Zyl and Kim Vander Zyl against Thomas W. Danevicz for damages resulting from an automobile-motorcycle collision. Third-party complaint by Danevicz against State Farm Mutual Automobile Insurance Company for indemnification. Judgments for plaintiff, and for Danevicz on the third-party complaint. State Farm appealed. The judgment for plaintiffs Vander Zyl was affirmed, the judgment against State Farm was reversed. On rehearing, the trial court is affirmed with modifications.

*Mohney, Goodrich & Titta, P. C.* (by *Bruce W. Neckers*), for plaintiff William Davidson.

*Hillman, Baxter & Hammond* (by *William M. Bremer*), for Citizens Mutual Insurance Company.

*Cholette, Perkins & Buchanan* (by *Robert A. Benson*), for Farm Bureau Insurance Group.

*Wheeler, Upham, Bryant & Uhl* (by *Geoffrey L. Gillis*), for defendant Thomas W. Danevicz.

*White, Spaniola, Knudsen, Stariha & Potuznik, P. C.* (by *Darrel G. Brown),* for State Farm Mutual Automobile Insurance Company.

Before: J. H. GILLIS, P. J., and D. E. HOLBROOK and A. C. MILLER,* JJ.

## ON REHEARING

A. C. MILLER, J. These cases[1] present another facet of the many problems arising under the Michigan no-fault insurance act, MCLA 500.3101 *et seq.;* MSA 24.13101 *et seq.* The two cases were consolidated on appeal because both present the problem of recovery by a motorcyclist where the motorcyclist collided with an automobile covered by a no-fault policy and where the motorcyclist was covered by a no-fault policy on the family car, the latter containing a $5,000 deductible on the personal protection insurance.

In the first case plaintiff Davidson was operating a motorcycle and was the "named insured" in a policy on the family car issued by Citizens Mutual Insurance Company. The policy was issued pursuant to § 3109(3); MCLA 500.3109(3); MSA 24.13109(3). At that time the commissioner had approved a $5,000 deductible.[2] Defendant Johnson was the owner and operator of the automobile involved and was covered by a no-fault policy issued by The Farm Bureau Insurance Group.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] This opinion reverses in part and supersedes the opinion rendered July 6, 1977. The original opinion dealt with an issue broader than was necessary for the decision of the case at bar.

[2] Section 3109a was added by 1974 PA 72, and at that time the commissioner rescinded the $5,000 deductible authorization and permitted an additional premium for the endorsement.

Both insurance companies were joined as defendants.

Plaintiff initially filed a common-law action, but later amended to claim no-fault benefits against one or the other of the insurance companies. The facts were stipulated and the court granted plaintiff's motion for summary judgment and ordered defendant Farm Bureau to pay no-fault benefits to plaintiff, denied the property damage claim and denied all claims against defendant Johnson and Citizens.

In the second case plaintiff Vander Zyl was operating a motorcycle and an accident occurred with an automobile owned and operated by defendant Danevicz. Plaintiff was covered as a "name insured" by a policy issued by defendant State Farm Mutual Automobile Insurance Company containing the same deductible mentioned above. Plaintiff complained against Danevicz for the no-fault benefits and for residual losses. The latter filed a third-party complaint against State Farm for indemnity.

The principal issue in both cases is the validity of the deductible provision. Property damage and attorney fee issues are also raised.

The deductible provision was authorized pursuant to MCLA 500.3109(3); MSA 24.13109(3) which provides:

"An insurer providing personal protection insurance benefits may offer, at appropriately reduced premium rates, a deductible of a specified dollar amount which does not exceed $300.00 per accident. This deductible may be applicable to all or any specified types of personal protection insurance benefits but shall apply only to benefits payable to the person named in the policy, his spouse and any relative of either domiciled

in the same household. Any other deductible provisions require the prior approval of the commissioner."

In the cases at bar, it is the last sentence of MCLA 500.3109(3) which has caused the controversy. It is the opinion of the Court that this sentence can be interpreted two ways, but in either case the $5,000 deductible clause is invalid.

The word "provision" can be construed as referring to the "conditions" specified in the next-to-last sentence of § 3109(3). If so interpreted, the Legislature meant terms and conditions within the statutory amount of $300, and therefore the $5,000 deductible clause is invalid. The commissioner had no authority to increase the *amount* of the deductible. His sole authority was to authorize conditions of applicability of the limited deductible amount.[3]

To interpret the grant of authority to mean that the commissioner can increase the deductible without limitation would be an unconstitutional delegation of legislative authority without a standard and a denial of due process. The separation of powers clause (Const 1963, art 3, § 2), states:

"The powers of government are divided into three branches; legislative, executive and judicial. No person exercising powers of one branch shall exercise powers properly belonging to another branch except as expressly provided in this constitution."

Callaghan's Michigan Pleading and Practice, Vol 8, § 60.13, pp 106–107, contains the following discussion of the rule:

---

[3] We need not decide here whether the delegation of this authority violates due process; since the $5,000 deductible was invalid under this construction, we refrain from unnecessarily addressing this constitutional issue. *Rosenberg v Fleuti,* 374 US 449, 451; 83 S Ct 1804; 10 L Ed 2d 1000 (1963).

"60.13.—Delimitation of Conferred Powers. It is for the legislative body, in delegating powers to an administrative agency, to determine and declare just what powers are delegated and the circumstances in which any delegated power is to be exercised. Accordingly, a statute conferring authority upon an agency must clearly define the power or powers conferred, and must, directly or impliedly, *fix conditions upon which the delegated authority shall become operative and prescribe definite legal limits upon the exercise thereof.*" (Emphasis added.)

If construed to permit the commissioner to increase the amount of the deductible, the subject delegation of power is unconstitutional. *Department of Natural Resources v Seaman,* 396 Mich 299, 240 NW2d 206 (1976), *Devereaux v Township Board of Genesee Twp,* 211 Mich 38; 177 NW 967 (1920), *Cameron v Secretary of State,* 63 Mich App 753; 235 NW2d 38 (1975). Therefore, under either interpretation, the $5,000 deductible is not valid, and each plaintiff will recover personal protection insurance benefits from his own insurer for his injuries exceeding $300.

The trial court in Davidson denied the property damage claim for the motorcycle itself; we reverse on the basis of *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975), where this Court quoted Judge Horace Gilmore's ruling which provided in part:

"G. * * * As a further consequence, the residual liability insurance coverage required by Section 3131 of The Act includes property damage liability." *Id.,* 360–361.

The Court affirmed that ruling:

"Our judgment is that the distinction between mov-

ing vehicles and other types of property found in the no fault act's property damage provisions is an unreasonable one. The act is an attempt to assure prompt and adequate compensation for economic losses due to automobile accidents. To achieve this purpose, recovery for losses due to personal injury is had without regard to the negligence or "fault" of the injured party. Persons suffering certain types of property losses are reimbursed, under the act, without inquiry as to whether negligence caused their loss. Yet the act provides no means for compensating the owner of a vehicle damaged while it was being operated.

\* \* \*

"Good reason can be offered, in light of the act's objective, for treating personal injury losses differently than property losses. The tort system operated at different levels of efficiency and adequacy of compensation for these types of claims. A valid distinction could also be made based upon the different burdens these types of losses placed on society and the individuals involved. But we fail to see any reasonable basis, in view of the act's purposes, that justifies the property damage classifications made by the act. We therefore hold that the property damage provisions are violative of equal protection." *Id.,* 369–370.

Since the parties stipulated to fault, property damages were properly recoverable from defendant Johnson's insurer, Farm Bureau.

The trial court also denied attorneys fees. Section 3148(1) of the no-fault act, MCLA 500.3148(1); MSA 24.13148(1) provides:

"An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

Thus, attorney fees are only to be charged against an insurer upon a finding that the insurer "unreasonably" delayed payment or refused to pay. Because of the substantial constitutional and statutory construction issues raised in the instant case, it cannot be said that the refusal of both insurers to pay the claimed benefits was "unreasonable". The trial court's denial of attorney fees was proper.

In Davidson, the order of the trial court is modified to provide that defendant Citizens Mutual Insurance Company shall pay to plaintiff personal injury protection benefits of $2,757.50 less the $300 deductible, or $2,457.50; and that defendant Farm Bureau Insurance Group shall pay to plaintiff the property damage item of $730.

In Vander Zyl, inasmuch as State Farm Mutual Automobile Insurance Company was originally named a party defendant by plaintiff in his district court action and added by stipulation as a third-party defendant in the action below, we deem it a party defendant in the instant action for all practical purposes, and therefore amend the trial court's order to provide that State Farm shall pay to plaintiff $11,000 for no-fault benefits, less the $6,000 already paid and less the $300 deductible, or $4,700; defendant Danevicz shall pay to plaintiff $14,000 for non-no-fault losses less the $2,277.47 already paid by his insurer, or $11,722.53.

Affirmed as modified. No costs, a public question being involved.