KELLER v LOSINSKI

Docket No. 78-2176. Submitted March 6, 1979, at Grand Rapids.—
Decided September 19, 1979. Leave to appeal applied for.

Plaintiff, Michael J. Keller, was riding a motorcycle owned by his
first cousin's husband, Jack Kozloski, with whom he was living,
when he was injured in a collision with an automobile owned
and operated by defendant David J. Losinski. Defendant Michi-
gan Mutual Liability Company provided no-fault insurance
coverage on Mr. Losinski's car. Defendant League General
Insurance Company provided no-fault insurance coverage on
the Kozloski family car. The motorcycle had standard cycle
coverage but did not have no-fault coverage. After the accident,
Mr. Kozloski made an oral claim against League General and
was informed that his no-fault policy did not cover accidents on
his motorcycle. Plaintiff, knowing of League General's dis-
claimer of liability, filed suit against Mr. Losinski and Michi-
gan Mutual, which had paid plaintiff's medical bills, for per-
sonal protection insurance benefits. League General was added
as a party defendant upon stipulation of the original parties
and Michigan Mutual cross-claimed against it, claiming that it
was primarily liable to plaintiff. League General moved for
summary judgment for failure to state a claim and accelerated
judgment for lack of jurisdiction and capacity to sue on the
part of Michigan Mutual and for the reason that the claim was
barred by the statute of limitations. Plaintiff moved for sum-
mary judgment alleging that Michigan Mutual was liable for
plaintiff's injuries and Michigan Mutual moved for summary
judgment alleging it had paid all the benefits due plaintiff. The
Branch Circuit Court, Thomas C. Megargle, J., denied Michigan
Mutual's motion, granted plaintiff's motion and held that,

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 7 Am Jur 2d, Automobile Insurance § 203.

[1, 4] 41 Am Jur 2d, Indemnity § 39.
  What statute of limitations covers actions for indemnity. 57 ALR3d
  833.

[2] Am Jur 2d New Topic Service, No-Fault Insurance § 1.

[3] 41 Am Jur 2d, Indemnity §§ 19, 20.

[4] 54 Am Jur 2d, Mistake, Accident or Surprise § 24.

although League General's statute of limitations argument did not apply, Michigan Mutual had failed to state a cause of action. After a motion for rehearing was denied, Michigan Mutual appealed and League General cross-appealed. *Held:*

An insurance company has one year from the date of the accident to sue to recover from another insurer personal protection benefits paid under the mistaken belief that the injured party was not covered by insurance where the other insurer was not notified in writing of the accident and two years when the other insurer has been given written notice. Therefore, League General's motion for accelerated judgment should have been granted and Michigan Mutual's action dismissed.

Remanded.

ALLEN, J., dissented. He would hold that the Legislature, in enacting the no-fault statute, intended to provide: a) prompt and speedy payment of claims for economic loss; b) prompt and fair opportunity to investigate claims for losses, and c) protection from protracted litigation. He would further hold that Michigan Mutual's action against League General was in the nature of indemnity, for which the statute of limitations begins to run either on the date the mistake is discovered or the date the payment is made. He would reverse and remand for trial.

### OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — STATUTE OF LIMITATIONS.

An insurance company has one year from the date of the accident to sue to recover from another insurer personal protection benefits paid under the mistaken belief that the injured party was not covered by insurance where the other insurer was not notified in writing of the accident and two years when the other insurer has been given written notice (MCL 500.3145[1]; MSA 24.13145[1]).

### DISSENT BY ALLEN, J.

2. INSURANCE — NO-FAULT INSURANCE — STATUTES — LEGISLATIVE PURPOSE.

*The Legislature, in enacting the no-fault statute, intended to provide: a) prompt and speedy payment of claims for economic loss; b) prompt and fair opportunity to investigate claims for losses, and c) protection from protracted litigation (MCL 500.3101 et seq.; MSA 24.13101 et seq.).*

3. INDEMNITY — CONTRACTS — NEGLIGENCE — TORTS.

*An implied contract of indemnity arises in favor of a person who, without any fault on his part, is exposed to liability and*

*compelled to pay damages on account of the negligence or tortious act of another; this right of indemnity is based on the principle that everyone is responsible for his own negligence and it exists independently of statute, and whether or not contractual relations exist between the parties, and whether or not the negligent person owed the other a special or particular legal duty not to be negligent; a claim by one no-fault insurer against another to recover personal protection benefits paid under the mistaken belief that the injured party was not covered by any other insurance is in the nature of indemnity.*

4. LIMITATION OF ACTIONS — INDEMNITY.

   *The limitation period governing actions to recover payments made by mistake commences to run either on the date the mistake is discovered or the date the payment is made.*

*Lilly & Domeny, P.C.* (by *Sally Zack Wheeler*), for defendant Michigan Mutual Liability Company.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather*), for defendant League General Insurance Company.

Before: R. B. BURNS, P.J., and ALLEN and MAC-KENZIE, JJ.

R. B. BURNS, P.J. This case involves a collision between a motorcycle and an automobile. The dispute in this case is between two insurance companies each of which maintains that the other must pay no-fault benefits to the injured motorcyclist.

On March 22, 1975, plaintiff, while riding a motorcycle owned by Jack Kozloski, collided with an automobile owned and operated by defendant Losinski. Defendant Michigan Mutual Insurance Company provided no-fault automobile insurance on the Losinski car. Defendant League General Insurance Company provided no-fault automobile

insurance on the family car owned by Jack and
Mary Kozloski. The motorcycle had standard cycle
coverage but did not have no-fault coverage. Plain-
tiff, a first cousin of Mary Kozloski, was allegedly
living with the Kozloskis at the time of the acci-
dent and had Jack Kozloski's permission to use the
motorcycle.

Shortly after the accident, Kozloski made an
oral claim against League General but the agent
in League General's office immediately informed
Kozloski that his no-fault policy did not cover
accidents on his motorcycle. Upon learning of
League General's claim of noncoverage, plaintiff
made claim against Michigan Mutual.

Plaintiff filed suit against defendants Losinski
and Michigan Mutual. League General was added
as a "party defendant" upon the stipulation of the
parties, and Michigan Mutual cross-claimed
against League General.

Upon being joined, League General moved for
summary judgment, claiming a failure to state a
cause of action, GCR 1963, 117.2(1), and for accel-
erated judgment, GCR 1963, 116.1, claiming lack
of jurisdiction, lack of capacity to sue on the part
of Michigan Mutual and that any claim against it
was barred by the no-fault statute of limitations.
Shortly thereafter, plaintiff moved for summary
judgment alleging that Michigan Mutual was lia-
ble to pay for the injuries suffered by plaintiff.
Michigan Mutual filed a motion for summary judg-
ment claiming that it had paid all the no-fault
benefits due plaintiff.

After a hearing on the motions, the trial court
denied Michigan Mutual's motion, granted plain-
tiff's motion and held that, although League Gen-
eral's statute of limitations argument did not ap-
ply, Michigan Mutual had failed to state a cause of

action. Michigan Mutual sought a rehearing which was denied.

The substance of Michigan Mutual's appeal is its desire to shift liability to League General and thereby to be reimbursed for its payments to plaintiff. The question which Michigan Mutual thus presents is whether a motorcyclist may recover benefits under a no-fault policy covering a motor vehicle with which the motorcyclist has collided, if he is covered by a no-fault policy on the automobile of the motorcycle's owner. We do not, however, reach this issue because, on League General's cross-appeal, we find that the trial court erred in denying League General's motion for accelerated judgment.

League General received no written notice of plaintiff's injury within a year of the accident and though the accident occurred on March 22, 1975, no attempt was made to bring League General into this action until April 20, 1977. Claims based on an obligation of League General to pay personal protection insurance benefits for plaintiff's injury are therefore barred by the time limitations established by the no-fault statute. MCL 500.3145(1); MSA 24.13145(1).

Arguments presented by Michigan Mutual to avoid the consequences of this statute of limitations have been rejected by the Court in *Davis v Farmers Ins Group,* 86 Mich App 45; 272 NW2d 334 (1978). Nor does this Court believe that the requirements of the doctrine of equitable estoppel are met in the present action. League General did not intentionally misinform plaintiff and then seek to deny the information it had given to plaintiff. Rather, League General accurately stated to plaintiff the position which it continues to advance. There is nothing for the Court to estop League General from denying.

Finally, Michigan Mutual cannot avoid the statute of limitations by classifying its action as one for indemnification rather than one for recovery on personal injuries. In its indemnification action, Michigan Mutual is subrogated to plaintiff's rights and cannot recover where plaintiff would be barred from bringing his own action.

Accordingly, we hold that League General's motion for accelerated judgment should have been granted and Michigan Mutual's action dismissed.

Remanded for action in accordance with this opinion. Costs to League General.

MACKENZIE, J., concurred.

ALLEN, J. *(dissenting).* I cannot agree that the statute of limitations is a bar to Michigan Mutual's claim for reimbursement from League General. The statute, MCL 500.3145(1); MSA 24.13145(1), reads:

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury *may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury.* If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of

the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury." (Emphasis supplied.)

My brethren hold that the arguments advanced by Michigan Mutual to avoid the above statute were made and rejected in *Davis v Farmers Ins Group*, 86 Mich App 45; 272 NW2d 334 (1978). I strongly disagree. In *Davis*, the dispute was between the policyholder and his insurer. The instant case is a dispute between two insurers, one of which paid the policyholder under the mistaken conclusion that the injured party had no other insurance. The factual situations are so totally dissimilar, I cannot believe *Davis* controls. In enacting the no-fault statute the Legislature sought to provide (a) prompt and speedy payment of the policyholders' claims for economic losses, (b) prompt and fair opportunity to investigate claims for losses, and (c) protection from protracted litigation. *Shavers v Attorney General*, 65 Mich App 355, 370; 237 NW2d 325 (1975), *aff'd in part*, 402 Mich 554; 267 NW2d 72 (1978). Purposes (a) and (b) were satisfied in the instant case since the insured received payment within the required time period, and prior to payment an investigation of the facts of the loss and accident was made, albeit by the wrong insurer.[1] In *Davis*, no notice was given within the one-year period to either his insurer or any other insurer. Consequently, none of the statute's policy orientations were present.

I find this case is an action to recover monies paid under a mistake in fact and is not an action

---

[1] The statutory purpose of relieving the insurer and in turn the judiciary of stale claims was admittedly not satisfied in the present case. However, given the fact that the claim was honest, was investigated and the insured received only that to which he was entitled, I conclude that the instant case is not one which falls within the intent of the Legislature as set forth in § 3145.

to recover sums due for economic losses under automobile no-fault. Based on the pleadings—which we must assume to be true for purposes of disposing of a motion for summary judgment—Michigan Mutual paid the injured party, Keller, because it mistakenly believed Keller had no insurance. Such was the finding of the trial court.[2] The law is well settled that monies voluntarily paid, if paid under a material mistake, is due to a lack of investigation. *Couper v Metropolitan Life Ins Co,* 250 Mich 540; 230 NW 929 (1930), *Montgomery Ward & Co v Williams,* 330 Mich 275, 284; 47 NW2d 607 (1951).

The instant suit is in the nature of an action for indemnity rather than an action for automobile insurance benefits. In *Dale v Whiteman,* 388 Mich 698, 705-706; 202 NW2d 797 (1972), the principles of indemnity were summarized in a question from 42 CJS, Indemnity, § 21, pp 596, 597:

"It is a well-recognized rule that an implied contract of indemnity arises in favor of a person who without any fault on his part is exposed to liability and compelled to pay damages on account of the negligence or tortious act of another, the former having a right of action against the latter for indemnity * * *. * * *

"This right of indemnity is based on the principle that everyone is responsible for his own negligence * * *. It exists independently of statute, and whether or not contractual relations exist between the parties, and

---

[2] "Turning first to the question of whether or not the claim of Michigan Mutual would be barred by the statute of limitations as set forth in MCL 500.3145(1), the Court is of the opinion that the statute of limitations would not apply in this case. It appears from the pleadings filed herein that during the period the statute would have run Michigan Mutual had information which would have led them to believe that there was no insurance in fact in force on Plaintiff Keller. Further, that when such coverage was in fact disclosed demand was immediately thereupon made to League General for payments which may or may not have been due under the no fault provisions."

whether or not the negligent person owed the other a special or particular legal duty not to be negligent."

Michigan Mutual, through no fault of its own, was ordered to pay plaintiff benefits which should have been paid by League General. It was League General's mistaken instructions to Kozloski that exposed Michigan Mutual to the claim made by plaintiff, and it was this same error by League General that kept it from being timely brought into the suit. Under the principle that everyone is responsible for his own negligence, League General must be held liable for its "negligence" in misinforming Kozloski of the ambit of his insurance coverage.

The essence of this case is Michigan Mutual's desire to be repaid for sums it paid under protest and, as it turns out, unnecessarily. It was League General's mistake in telling Jack Kozloski that its policy would not cover plaintiff's motorcycle accident that led to the claims against Michigan Mutual and Michigan Mutual's payments. Given the newness of no-fault and the confusion concerning to whom an injured cyclist looks for personal protection benefits, it is not at all surprising that League General mistakenly informed its insured that the policy provided no coverage for the injured motorcyclist. Despite the innocence of League General's mistake, that in itself cannot avoid League General's liability. Furthermore, it was also League General's response to Kozloski's phone call (as per League General's printed instructions) which effectively prevented any written notice being given to League General. While this is not the typical two-party situation where indemnity usually lies,[3] the facts of this case make relief appropriate.

[3] In the typical suit for indemnity or return of monies paid under a

The limitation period governing actions to recover payments made by mistake commences to run either on the date the mistake was discovered or on the date the payment was made. Anno: *When statute of limitations begins to run against action to recover money paid by mistake,* 79 ALR3d 754. Michigan Mutual's demand for recovery was made soon after the mistake was discovered. For these reasons I conclude Michigan Mutual's claim is not barred by the statute.

Because my brethren found Michigan Mutual's claim barred by the statute of limitations, the majority opinion did not discuss the other issues raised on appeal. Because I find the claim not barred by the limitation period, I feel it necessary to address these remaining issues.

## I. *Was League General Properly Made A Party Defendant?*

As an initial contention League General claims the trial court never had proper jurisdiction over it since it was never properly joined. Technically, a third party is properly joined by service of a third-party complaint upon the party. This procedure is governed by GCR 1963, 204. In the instant case

material mistake of fact, A sues B to recover sums A paid C under the erroneous belief induced by a mistake of fact that A was required to make such payment. Illustrative of this principle is *Montgomery Ward & Co v Williams, supra.* There, plaintiff paid defendant, manager of its furniture department, sickness and health benefits for injuries sustained when defendant slipped while mopping the store floor. The insurance plan provided that no benefits would be payable for any accident under which workmen's compensation benefits would be payable. Plaintiff paid defendant $625 in disability payments and later defendant applied for and received workmen's compensation. Upon learning of the workmen's compensation recovery, plaintiff filed a declaration against defendant, alleging payment made by mistake of fact. The question of whether plaintiff paid under mistake of fact was submitted to the jury which found in defendant's favor. See also Restatement of Restitution, §§ 18 and 76.

this was not done. Instead, the parties agreed to add League General, the court issued an order adding League General and Michigan Mutual then cross-claimed. The better procedure would have been for Michigan Mutual to request the court's permission to serve League General as a third-party defendant. But League General does not show any prejudice from the procedure used here. League General does not contend it was not notified or had insufficient opportunity to prepare its defense. Furthermore, since the court signed an order joining League General, it is apparent the court would have permitted Michigan Mutual to serve a complaint upon League General. Under these circumstances League General's argument that the court lacked jurisdiction over it is rejected.

## II. *Which Insurer Is Responsible For A Motorcyclist's Medical Expenses?*

A more significant issue concerns which insurer —that which insures the motorcyclist's personal automobile or that which insured the automobile involved in the accident—is responsible for plaintiff's losses. The issue has previously been before this Court, but the disposition of the problem is at best confusing. Clarification of apparent conflicting opinions is required.

The first case to consider the issue concluded that the insurer of the automobile involved in the accident was liable to the motorcyclist. *Underhill v Safeco Ins Co,* 76 Mich App 13; 255 NW2d 349 (1976), *lv gtd,* 403 Mich 851 (1978). *Underhill* reasoned that a motorcyclist is "not an occupant of a motor vehicle" and that such persons can recover from the insurer of the "motor vehicle" involved under MCL 500.3115(1); MSA

24.13115(1).[4] In the *Underhill* opinion there is no mention of whether the motorcyclist had personal no-fault coverage, although he did have a motorcycle liability policy. In fact, the file discloses the motorcyclist had no coverage whatsoever.[5]

The next time the issue arose the injured motorcyclist did have no-fault coverage on a personal automobile. *Davidson v Johnson,* 76 Mich App 497; 257 NW2d 139 (1977). The Court relied heavily on *Underhill* and concluded that plaintiff Davidson, the injured motorcyclist, should recover from the automobile involved in the accident rather than the no-fault policy which covered Davidson when he drove his automobile insured by Citizens Mutual. Section 3115 was again pivotal, and it was buttressed by § 3105(1).[6]

The *Davidson* panel later reheard the case. *Davidson v Johnson (On Rehearing),* 79 Mich App 660; 262 NW2d 887 (1977) *(Davidson II).* The principal issue considered on rehearing was the validity of deductible provisions in MCL 500.3109(3);

---

[4] "Sec. 3115. (1) Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) Insurers of owners or registrants of motor vehicles involved in the accident.

"(b) Insurers of operators of motor vehicles involved in the accident." MCL 500.3115(1); MSA 24.13115(1). Motorcycles, being two-wheeled vehicles are expressly excluded from the mainstream of the no-fault act, MCL 500.3101(2); MSA 24.13101(2), and are specially provided for in MCL 500.3103; MSA 24.13103."

[5] Examination of the transcript and file, now at the Michigan Supreme Court on leave granted, discloses that plaintiff testified he owned no car, lived alone and was not covered by insurance other than the motorcycle liability policy. For this reason the Court's reliance on *Underhill* in *Hill v Aetna Life & Casualty Co,* 79 Mich App 725, 729; 263 NW2d 27 (1977), is misplaced.

[6] "Sec. 3105. (1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." MCL 500.3105(1); MSA 24.13105(1).

MSA 24.13109(3). However, despite the lack of discussion on the issue, *Davidson II* indicated that the injured motorcyclists involved were to recover from the no-fault insurer of their own automobiles.

The issue was next considered in *Porter v Michigan Mutual Liability Co,* 80 Mich App 145, 149-150; 263 NW2d 318 (1977), *lv gtd,* 403 Mich 851 (1978). *Porter* recognized that a motorcyclist may recover from the insurer of the "motor vehicle" involved in the accident under MCL 500.3115(1); MSA 24.13115(1). But the *Porter* majority further recognized that the effect of § 3115(1) was qualified by § 3114(1).[7] Section 3114(1) was read to indicate that when personal protection insurance benefits are payable under an insured's policy, that policy pays all of the benefits even though the insured is covered by another policy. That meant the motorcyclist looked to his own no-fault automobile insurer. In *Porter,* there was also the additional fact that the motorcyclist's no-fault automobile policy carried optional coverage for injuries received while motorcycling. Chief Judge DANHOF dissented in *Porter.* He preferred the reasoning in *Davidson I* based on § 3115(1). He read § 3114(1) to merely establish priorities among household policies covering the same person.

The most recent published case addressing this issue is *Piersante v American Fidelity Ins Co,* 88 Mich App 607; 278 NW2d 691 (1979). *Piersante*

---

[7] "Sec. 3114. (1) Except as provided in subsections (2) and (3), a personal protection insurance policy applies to the accidental bodily injury to the person named in the policy, his spouse, and a relative of either domiciled in the same household. When personal protection insurance benefits are payable to or for the benefit of an injured person under his own policy and would also be payable under the policy of his spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and shall not be entitled to recoupment from the other insurer." MCL 500.3114(1); MSA 24.13114(1).

relied heavily on *Porter,* and concluded that the motorcyclist recovers from his personal no-fault automobile insurer. *Piersante* disagreed with an attempt to distinguish *Porter* on the "optional coverage" factor by relying on MCL 500.3105(1); MSA 24.13105(1)[8] which does not require the insured to be the driver of the motor vehicle involved.

To a great extent, these cases can be harmonized. *Underhill,* the first *Davidson* opinion, and the DANHOF dissent in *Porter* all concluded that recovery was to be from the insurer of the "motor vehicle" (automobile) involved in the accident. These cases relied on § 3115(1). *Davidson II,* the *Porter* majority, and *Piersante* concluded the motorcyclist recovers from his own no-fault automobile insurer. However, *Davidson I* is superseded by *Davidson II.* 79 Mich App 660, 662, fn 1. *Underhill* is distinguishable because the motorcyclist there did not have any no-fault insurance to turn to. Consequently, this leaves inconsistent only the dissent in *Porter* which, if followed, would have the instant plaintiff recover from the insurer of the automobile involved in the accident. But, because the absence of no-fault insurance in *Underwood* is not apparent, the cases appear inconsistent. Sans this explanation they are confusing.

The weight of authority is correct and plaintiff should recover from the no-fault policy which covers him for automobile accidents, *i.e.,* League General in this case. This conclusion turns largely on the meaning of § 3114(1) which is the only section in the no-fault act requiring one to look first to his own insurer. If § 3114(1) is construed

---

[8] "Sec. 3105. (1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

merely as a priority provision,[9] insurer liability would be governed by § 3114(4)[10] for occupants and § 3115(1) for nonoccupants. But this construction makes the initial "[e]xcept as provided" clause, found in both § 3114(4) and § 3115(1), somewhat incongruous. Moreover, an express reference to recovery from one's own insurer, one of the principal concepts underlying no-fault, is conspicuously absent.

Section 3114(1) is the operative section of the act.[11] Consequently, when a person is involved in an accident the first question to determine is whether the person has his own insurance. If so, that is where the person looks for recovery. If the person is uninsured, §§ 3114(4) and 3115(1) come into play and allocate responsibility on the basis of whether the injured person is an occupant or a nonoccupant. This interpretation is consistent with the scheme of no-fault—a system primarily designed to insure people rather than automobiles.

As to the case at bar, assuming that plaintiff is "domiciled" with the Kozloskis, the Kozloskis' no-fault insurer, League General, is liable. The lower court's determination that Michigan Mutual is liable was erroneous.

---

[9] This appears to be the interpretation followed by the *Porter* dissent.

[10] "(4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) The insurer of the owner or registrant of the vehicle occupied.

"(b) The insurer of the operator of the vehicle occupied." MCL 500.3114(4); MSA 24.13114(4).

[11] Section 3105(1) is the only other section that is close to being an operative section. But this section really deals with the scope of a no-fault policy, and when subsection (1) is read with the rest of § 3105, this purpose is even more apparent.

### III. *Was Plaintiff Domiciled With The Policyholder?*

Having determined that League General is the responsible insurer, and if the majority is wrong in holding the claim is barred by the statute of limitations, it is still necessary to decide whether plaintiff falls within the coverage of the Kozloski policy. Michigan Mutual points to considerable deposition of testimony on the issue of whether plaintiff was domiciled with the Kozloskis within the meaning of MCL 500.3114(1); MSA 24.13114(1). But at no time was there a finding of fact on this issue,[12] and this Court has nothing to review. Upon the remand of this case, one of the issues that must be proven for League General to be liable is that Michael Keller was a relative of one of the Kozloskis and was "domiciled" in the same household at the time of the accident. MCL 500.3114(1); MSA 24.13114(1).

### CONCLUSION

To summarize: I disagree with the majority that the statute of limitations applies. This is not the type of claim, *viz.:* a claim by the policyholder for payment of damages incurred in an accident, which the statute was designed to cover. Instead it is an action to recover monies paid under a mistake in fact and is in the nature of a suit for indemnity. I further find that the trial court erred, albeit understandably in view of the seeming inconsistency of decisions by this Court, in holding that recovery should be against the insurer of the other vehicle involved. I therefore would reverse the trial court's grant of summary judgment in

---

[12] This is understandable since the lower court determined that Michigan Mutual rather than League General was liable, and hence domicile was not an issue.

favor of League General and would remand for trial. At trial, the question of domicile and the question of whether the policyholder, Jack Kozloski, in fact phoned League General and reported the accident, may be determined by the trier of fact.